## 3990. DOWNER *v*. THE STATE.

1. The front porch of a dwelling-house covered 'by a roof is a part of the dwelling-house, and the larceny of property from the front porch is, in contemplation of law, a larceny from the dwelling-house.

2. There was sufficient evidence to show that the value of the property alleged to have been stolen exceeded $50.

3. Where, during the trial of a criminal case, the jury were, by consent, allowed to disperse, and one of the jurors heard a conversation between a witness for the State and a third person, in which the accused was denounced by the witness as having stated a falsehood, in his statement to the jury, as to a material fact, this denunciation had presumptively an effect on the mind of the juror, detrimental to the accused; and this presumption was not fully rebutted by the affidavit of the juror that it. did not influence his finding. In the interest of a fair and impartial trial and the finding of a verdict based solely on the evidence, unaffected by any extraneous circumstance, another trial should have been granted.

4. The other assignments of error are without merit.

DECIDED MARCH 19, 1912.

Indictment for larceny from house; from Elbert superior court. —Judge Meadow. December 12, 1911.

*Percy Middlebrooks, Donnelly Bennett,* for plaintiff in error.
*Thomas J. Brown, solicitor-general,* contra.

HILL, C. J. John Downer was convicted of larceny from the house, the property stolen being a Columbia bicycle, which was left on the front porch of a dwelling-house by the owner and stolen therefrom at night. His motion for a new trial was overruled, and he brings error. A consideration of the general grounds. is not necessary, since another trial will have to be granted on one of the special grounds.

1. It is contended by the plaintiff in error that there could be no legal conviction of larceny from the house, because the evidence discloses the fact that the property was not stolen from inside the house, but from the front porch of the dwelling-house, and that the evidence showed that this front porch, although inclosed by a roof and constituting a part of the dwelling-house, was not itself laterally inclosed. The point is without merit. The front porch of a house is a part of the house itself, and if property is taken from the front porch, where it was left by the owner, it is taken from the house, in the meaning of the statute. *Johnson* v. *State, 2 Ga. App.* 405 (58 S. E. 684). In the case of *Burge* v. *State, 62 Ga. 17,* a watch was left hanging on a front porch, which was covered by the

roof of the house, and the accused took it therefrom. It was held that this was larceny from the house. The case of *McCabe* v. *State,* 1 *Ga. App.* 719 (58 S. E. 277), relied on by the plaintiff in error, is distinguishable on the facts from the present case. In that case the property was stolen from a wharf or pier which had no lateral inclosure, although covered by a roof.

2. The indictment alleged that the property stolen was of the value of $53.50. The evidence showed that the owner gave this amount for the property at wholesale, and that the retail value of the bicycle was from $75 to $80. It was also shown that the value of the bicycle when stolen exceeded $50. This was sufficient proof on the question of value, and authorized the imposition of a felony sentence.

3. While the trial was in progress the jury were allowed to disperse; and it is shown that one of the jurors had a conversation with one of the witnesses for the State, as follows: Juror: "What is that negro, John Downer [referring to the defendant on trial], doing with your coat on?" The witness replied that he had traded him a watch for it, and that he (witness) met John Downer in the road in Hart county, and that John Downer had the bicycle that they were trying him for stealing, and John Downer was a liar when he said that he did not meet him. This juror, in the counter-showing made in reply to this statement, said that the conversation as detailed was not had with him, but was with another person, in his presence and hearing. The juror does not disclose the name of the person with whom the conversation took place in his hearing. This, however, is immaterial; for he admits that the conversation took place and that he heard this witness for the State denounce the defendant on trial as a liar in the statement which he had made to the jury. The juror states, in his affidavit, that the conversation in question did not influence him in making his verdict. We think, however, that it was impossible for the juror to know whether he was influenced by this statement or not. The only effect it could have had upon him was detrimental to the accused. In *Brown* v. *State,* 65 *Ga.* 332, it was held that the fact that persons discussed a case on trial near the jury was not ground for a new trial, where it appeared that the jury did not hear anything said that could have influenced their finding. Where a juror, charged with the duty of finding a verdict solely according to the evidence, hears

a conversation in which the statement by the accused to the jury is characterized as a falsehood, it can not be said that such characterization could not have tended to influence the juror to the injury of the accused. Presumptively it did so, and this presumption is too reasonable to be fully rebutted by a mere statement by the juror that it did not so influence him. While the evidence strongly supports the verdict of guilty, yet the accused is entitled, however strong the evidence may be against him, to a finding based solely and exclusively on the evidence, unaffected in any manner by extraneous matter. We are constrained, therefore, to hold that a new trial should have been granted on this ground.

4. The other assignments of error are without merit.

*Judgment reversed.*