[Crim. No. 683. Second Appellate District, Division Two.—November 5, 1919.]

THE PEOPLE, Respondent, v. I. L. PYLE, Appellant.

[1] CRIMINAL LAW—EMBEZZLEMENT—CORROBORATION OF TESTIMONY—INSTRUCTIONS.—In a prosecution for embezzlement, an instruction "that it is not essential to a conviction in this case that the prosecuting witness . . . should be corroborated by the testimony of other witnesses as to the particular acts constituting an offense; it is sufficient if you believe from his evidence and all other testimony and circumstances in proof in the case beyond a reasonable doubt that the crime charged has been committed by the defendant," is not erroneous, as leaving the jury free to convict whether all the other testimony and circumstances in proof in the case corroborated the prosecuting witness or not, particularly where the very "customer's draft" which defendant himself admits he drew and secured the "acceptance" of by the prosecuting witness is in evidence.

[2] ID.—ASSUMPTION TO ACT AS AGENT—FRAUDULENT APPROPRIATION OF DRAFT—INSTRUCTIONS.—Where in a prosecution for embezzlement there is evidence that defendant, assuming to act as the agent of the prosecuting witness, was intrusted with a certain draft for the purpose of giving the same to a third person to induce him to make a certain loan, and defendant fraudulently appropriated the draft to his own use, an instruction, "that if any person assumes to act as the agent or servant of another, and in such assumed capacity he is intrusted with and receives into his care and custody property, for the use of another person, and fraudulently appropriates such property to his own use or to any use or purpose not in the due and lawful execution of his trust, he is guilty of embezzlement," is proper.

———

2.  Check as subject of embezzlement, note, 42 **L. R. A. (N. S.)** 498.

[3] ID.—INCRIMINATING REMARKS IN PRESENCE OF JURORS—DENIAL OF
NEW TRIAL—DISCRETION NOT ABUSED.—In a prosecution for em-
bezzlement, it is not an abuse of discretion to refuse to grant
a motion for a new trial because of incriminating remarks con-
cerning the defendant made outside the courtroom, but in the
presence of some of the jurors, in the absence of a showing that
such alleged statements influenced the verdict of the jury.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. W. Breeden and R. J. Adcock for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, and
Arthur Keetch, Deputies Attorney-General, and Jerry H.
Powell for Respondents.

THOMAS, J.—The information in this action is in two
counts—one alleging embezzlement and the other grand lar-
ceny. The defendant was convicted of the former and ac-
quitted as to the latter charge. There was a motion for new
trial, which was denied; and thereupon the defendant was
sentenced to imprisonment in the state's prison. This ap-
peal is from the judgment and said order denying defend-
ant's motion for a new trial.

Appellant urges four reasons for reversal of the judgment
and order, viz.: (1) Error of the court in giving instruction
"on the question of corroboration"; (2) error of the court
"on the question of receiving and converting property while
assuming to act for another"; (3) that there is in the record
"no evidence of embezzlement, but that there is some evidence
tending to prove that defendant obtained the signature of the
prosecuting witness to the draft with intent to cheat and de-
fraud him, of which defendant is not charged"; and (4)
abuse of discretion by the court in refusing to grant defend-
ant's motion for a new trial, "for the reason that, at least,
a part of the jury received extrajudicial evidence, from a
source and of a nature and under circumstances which
naturally would bias them, and prevent the defendant from
having a fair trial." Briefly stated, then, defendant's com-
plaint here is: (1) That the court erred in giving certain

instructions; (2) insufficiency of the evidence to support the judgment; and (3) abuse of discretion by the trial judge.

Only two of the instructions given are objected to and criticised by defendant here. They are as follows (1) "The court further instructs the jury that if any person assumes to act as the agent or servant of another, and in such assumed capacity he is entrusted with and receives into his care and custody property, for the use of another person, and fraudulently appropriates such property to his own use or to any use or purpose not in the due and lawful execution of his trust, is guilty of embezzlement"; and (2) "You are further instructed that it is not essential to a conviction in this case that the prosecuting witness, L. C. Stuckey, should be corroborated by the testimony of other witnesses as to the particular acts constituting an offense; it is sufficient if you believe from his evidence and all other testimony and circumstances in proof in the case beyond a reasonable doubt that the crime charged has been committed by the defendant."

[1] It is contended by defendant, in referring to the instruction last quoted, that "the jury were left by this instruction free to convict, whether all the other testimony and circumstances in proof in the case corroborated Stuckey or not, and for that reason is clearly erroneous"; and our attention is called to the case of (People v. Neetens, 42 Cal. App. 596, [184 Pac. 27], as supporting this contention. With such contention, however, we cannot agree; nor does the case last cited support such a conclusion. In that case—a prosecution and conviction for obtaining money by false pretenses—the so-called false representations being entirely oral, there was no corroboration of the testimony as required by section 1110 of the Penal Code. In the case at bar, the very "customer's draft" which defendant himself admits he drew and secured the "acceptance" of by said Stuckey is in evidence; to say nothing about other corroborating circumstances which answer conclusively defendant's contention here.

[2] As to the first instruction quoted, there was evidence that defendant, assuming to act as the agent of Stuckey, was intrusted with the draft mentioned for the purpose of giving the same to one Doyle to induce him to make the loan in question, and that defendant fraudulently appropriated the draft to his own use. This being so, the instruction, we think, was proper.

We have studied carefully, not only the instructions objected to, but all the instructions given, and they are, in our opinion, ample, and as favorable to defendant as they properly could be on the questions presented; and this is especially true when considered in the light of all the instructions given.

As to the second point—that of the insufficiency of the evidence—no discussion is necessary. Suffice it to say that the record groans under the weight of damning evidence amply sufficient to support the verdict and judgment.

[3] This brings us to the consideration of the last point, viz., the alleged abuse of discretion by the learned trial judge. In support of his motion for a new trial defendant filed two affidavits wherein it was stated that one Doyle had stated to defendant's attorney, outside the courtroom, and in the presence of some of the jurors, that he, Doyle, would "fix" defendant; that defendant beat him out of some money, and that for what defendant's attorney had done, he, Doyle, would have defendant arrested. This, if true, was reprehensible; but in the absence of a showing that such alleged statements influenced the verdict of the jury we think it was not an abuse of discretion to deny defendant's motion. Unless we go out and into the thin air of metaphysics for inspiration and wholly disregard the ample evidence, independently of the alleged statements, to sustain the verdict of the jury, and arbitrarily hold that such alleged statements probably influenced the verdict, defendant's contention can find no support. It is not surprising that in these days of unrest that thoughtful men and women, while conceding the improbability of the conviction of an innocent person, under our system of courts and jurisprudence, are extremely apprehensive as to whether we can convict the guilty. To find the learned trial court guilty of an abuse of discretion under the evidence as disclosed by this record would, we think, be to furnish evidence in support of the pessimistic assumption to which we have just referred. "A new trial will not be granted because of remarks about the case made during the trial to jurors or in the hearing of jurors, by strangers to the litigation, where neither the successful party nor the jurors were at fault, unless such remarks probably influenced the verdict." (29 Cyc. 798.)

After reading the entire record we are satisfied, particularly as we are fortified by section 4½ of article VI of our constitu-

tion, that, so far as this case is concerned, there has been no miscarriage of justice.

Judgment and order affirmed.

Finlayson, P. J., and Sloane, J., concurred.

A rehearing of this cause was denied by the district court of appeal on December 2, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 2, 1920.

All the Justices concurred.