# FIDELITY AND DEPOSIT COMPANY

## vs.

## GILBERT H. PANITZ.

*Burglary Insurance—Construction of Policy—Article on Porch—Interior of Building.*

A prayer that the court instruct the jury that the plaintiff has introduced no evidence legally sufficient to entitle him to recover, and that their verdict must, therefore, be for the defendant, is bad in form when offered at the close of the case, and is properly refused.                    pp. 302, 303

An article on a second floor porch attached to an apartment is not in "the interior" of the apartment or building within the meaning of a policy of burglary insurance, even though there is no entrance to the porch except through the apartment.                                          p. 303

In an action on a burglary or theft policy, covering articles in "the interior" of the home, building, or apartment, occupied by the assured, to recover for the loss of an article taken from a porch attached to plaintiff's apartment, it was error to refuse a prayer, submitted by defendant, that the policy covered articles while contained within the interior of the second floor apartment described therein, and that loss while the goods were in any other place whatsoever, whether feloniously taken or not, did not come within the terms of the policy.        p. 303

*Decided January 10th, 1923.*

Appeal from the Court of Common Pleas of Baltimore City (DUFFY, J.).

Action by Gilbert H. Panitz against the Fidelity and Deposit Company of Maryland. From a judgment for plaintiff, defendant appeals. *Reversed.*

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Francis K. Murray* and *Washington Bowie, Jr.,* for the appellant.

*Eldridge Hood Young,* with whom were *Young & Crothers* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is a suit on a policy of burglary or theft insurance for the loss of a lady's fur coat alleged to have been stolen from a porch adjoining the apartment of appellee on the second floor of 928 Chauncey Avenue, Baltimore City.

By the terms of the policy, the company agreed to indemnify the assured "for direct loss by burglary, theft or larceny of any of the property of the assured described in the said schedule and stated therein to be insured hereunder, occasioned by the felonious abstraction from the interior of the home, building, apartment or rooms actually occupied by the assured, also described in the said schedule and hereinafter called the premises, by any domestic servant or other employee of the assured or by any other person or persons excepting any person whose property is insured hereunder.

Appellee described the porch as follows: "It is an outside porch. There is one porch on the first floor and another porch on the second floor. The porch leads out from the back bedroom by a door, and there is also a window leading on the porch. There is no steps down stairs from the porch; there is no stairway from the porch to the street or yard; the porch is private so far as the apartment is concerned. There is only one entrance to the porch, and that is the back bedroom."

It was further testified that the porch is covered by a roof; it has rainspouting and there is a rail about three feet high that runs around the porch; that clothes lines run from the post of the porch to the wall of the building; that the porch

was used for wash basins, litter, and clothes were hung out there; that the porch cannot be reached from either adjoining house and does not adjoin any other porch; that the dimensions of the porch are 21 feet by 5, and it is approximately 20 feet from the ground, and 12 or 15 feet from the porch on the first floor; that there are no standards or poles from the porch on the first floor to the post of the floor of the second; that the yard immediately surrounding the dwelling is not enclosed by a fence; that there is no way to reach that porch from the ground; that the only proper way to connect up with the porch is through the apartment; that the coat which was lost was hanging on the clothes line stretched across the porch above referred to; that the only way to get the coat off the porch was for some one to have either climbed up from the ground or put a stick up there and gotten it. There was other testimony bearing on the question of whether the coat was stolen from the porch or whether it might have fallen or been blown off.

There are two questions raised by this appeal, viz.: (1) Was the coat, alleged to have been stolen, in a place covered by the terms of the policy? (2) Was there any evidence that the coat was stolen?

The court refused to take the case from the jury at the close of the plaintiff's testimony.

At the close of all the testimony defendant offered eleven prayers, of which only the first and fourth need be considered. Both of them were refused. The other prayers bear on the question of proof of larceny with which question we shall not have to deal. The first and fourth prayers were as follows:

*First Prayer.*—Defendant prays the court to instruct the jury that the plaintiff has introduced no evidence legally sufficient to entitle him to recover, and that their verdict must, therefore, be for the defendant.

*Fourth Prayer.*—Defendant prays the court to instruct the jury that the policy issued by the defendant covered articles while contained within the interior of the second-floor apart-

ment described therein, and that loss while the goods were in any other place whatsoever, whether feloniously taken or not, does not come within the terms of the policy, and the verdict of the jury must be for the defendant.

The first prayer was bad in form when offered at the close of the case, and there was no error in refusing it.

The fourth prayer should have been granted.

It seems to us that the reason for the express restriction of the risk incurred by the policy to goods contained in the interior of the apartment is obvious, and that the word "interior" should be given a common sense meaning. The mere fact that no exterior entrance to the porch is provided has no bearing, when the purpose of the restriction is considered. If it did, then a porch of the same character on the first floor should be considered as the interior of the first floor apartment. In the latter case a thief could more easily step over the rail; but it is a matter of no serious difficulty to climb up to the second floor or to reach up with a pole. It is just such a risk that the terms of the policy excludes.

The only case cited by either side that seems to be in point is *Driver* v. *State* (Alabama), 89 So. 897, cited by appellant. This was an indictment for theft of seed corn under section 7324 of the Code of 1907: "Any person who commits larceny *from* or *in* any dwelling house, store house, smoke house, etc., on conviction must be imprisoned in the penitentiary not less than three nor more than six years."

The law as it stood prior to that time omitted the word "*from.*" In the case cited the court referred to the earlier case of *Henry* v. *State*, 39 Ala. 680, in which it was held that the taking of goods from the banister or rail of the porch attached to the dwelling house would not come under the earlier statute, and that such taking was not a taking "*in*" the dwelling house. The word "from" was incorporated in the later act to meet the decision in the *Henry case*. The court added: "Our understanding, however, of the holding in the *Henry case* is that the court merely held that, while the porch may have in some sense been a part of the house, it was not

(under section 3170) *in* the dwelling house in such a sense as that a felonious taking therefrom would constitute a taking *in* the dwelling house. A taking *from* the dwelling house is very different from the taking *in* the dwelling house."

*Chase* v. *Hamilton Ins. Co.,* 20 N. Y. 52, cited by appellee, merely decides that the word dwelling house is to be construed as including the kitchen, although the subject of the risk is described in the application as a stone dwelling house, and the kitchen attached is a wooden kitchen.

*Downer* v. *State,* 10 Ga. App. 827, and *Johnson* v. *State,* 2 Ga. App. 405, also cited by appellee, decide practically the same point as was decided in the Alabama case, *Driver* v. *State, supra,* viz.: that to take from a porch is to take from the dwelling house, as the porch is a part of the dwelling house. Neither of these cases holds that a porch is "the interior" of a dwelling house.

> *Judgment reversed without a new trial, with costs to appellant.*