## MOREE *v.* STATE.[*]

(Division A.    Dec. 10, 1928.)

[119  So.  202.   No.  27584.]

---

*Corpus Juris-Cyc References: Breach of the Peace, 9CJ, section 14, p. 391, n. 84.

*Goss & Goss,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

COOK, J. The appellant, Zeno Moree, was convicted in the circuit court of Marion county on an indictment

charging him with the offense of unlawfully disturbing the peace of a family, and from the sentence imposed he prosecuted this appeal.

The indictment charged that the defendant "did willfully and unlawfully disturb the peace of the family of Mrs. Janie Autrey by then and there entering the dwelling house of the said Mrs. Janie Autrey, and then and there, in the presence and hearing of the said Mrs. Janie Autrey, using certain profane language," etc. In support of this indictment, Mrs. Janie Autrey testified that about three o'clock in the morning some one fired a pistol at the rear of her home, the bullet passing through the back door and lodging in the wall of the room; that shortly thereafter the appellant came onto the front porch, and to the front door of her home, and began cursing and swearing; that she blew a horn to summon help, and the appellant told her not to blow "that God damned horn;" that she then left the house, through the back door, and went to the home of a nearby neighbor, and had him come and carry the appellant away from her home.

At the conclusion of the evidence for the state, the appellant moved the court to exclude the evidence and grant a peremptory instruction to find him not guilty, for the reason that the indictment charged that appellant entered the dwelling house and there used the profane language, while the proof showed that the profane language was used on the outside of the dwelling house. Before the court ruled on this motion, the district attorney asked leave to amend the indictment, so as to charge that the disturbance was on the front porch of the house, and this motion was sustained and the amendment made.

The only assignments of error presented are that the court below erred in permitting the state to amend the indictment to conform to the proof, and in overruling appellant's motion to peremptorily instruct the jury to find him not guilty. This indictment was based upon

section 1112, Code of 1906 (section 880, Hemingway's 1927 Code), which provides that:

"Any person who enters the dwelling house of another, or the yard or curtilage thereof, or upon the public highway, or any other place near such premises, and in the presence or hearing of the family of the possessor or occupant thereof, or of any member thereof, or of any female, makes use of abusive, profane, vulgar, or indecent language, or is guilty of any indecent exposure of his person at such place, shall be punished for a misdemeanor."

It will be unnecessary to decide whether or not the amendment of the indictment was properly allowed under the provisions of section 1508, Code of 1906 (section 1329, Hemingway's 1927 Code), which provides that, under some circumstances, an indictment may be amended "whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof," etc., for the reason that we do not think there was such a variance between the indictment and the proof as required an amendment, or entitled the appellant to an acquittal in the absence of such amendment. The indictment charged that the appellant entered the dwelling house and used the profane language, while the proof showed that he came onto the front porch of the dwelling house and there used the language charged in the indictment. The front porch of a residence is a part thereof, and a charge that one entered a dwelling house is supported by proof that he came onto the front porch of such dwelling house.

The judgment of the court below will therefore be affirmed.

*Affirmed.*