[Crim. No. 1794. First Appellate District, Division One.—December 12, 1934.]

THE PEOPLE, Respondent, v. HARRY CURRIE, Appellant.

32

Anthony S. Devoto for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged in an indictment containing several counts with grand theft and violations of the Corporate Securities Act. Two of the counts charging grand theft were dismissed and he was found guilty on the remaining charges. He has appealed from the judgment of conviction and the order of the trial court denying his motion for a new trial on seven of the counts charging grand theft.

Four grounds for reversal are urged, namely, the misconduct of a witness for the prosecution and of the trial

court; error in the admission of certain testimony, and that the evidence is insufficient to sustain the verdict.

■ It appears from testimony taken upon the hearing of defendant's motion for a new trial that during the pendency of the trial, on an occasion when the jurors were leaving the courtroom following an adjournment, two or more of them were accosted by a person who as a witness for the prosecution had testified that she purchased stock in the company respecting which it was alleged that defendant had made false representations. This person stated to said jurors that she hoped the jury "would be good to them" and would "give us a square deal", and that she was a widow "and had lost her money". None of the jurors replied. There was testimony that the trial judge was advised of the incident previous to the submission of the cause to the jury, and also that counsel for the defendant did not learn of it until after the verdict had been returned and the jury discharged.

Defendant claims that the trial court erred in not admonishing the jury to disregard these remarks, and that this with the fact that the same were made entitled him to a new trial. It is not contended that any juror was guilty of misconduct; and it is clear from the testimony of those accosted that they were not influenced by the statements.

The facts are similar to those in *People* v. *Pyle*, 44 Cal. App. 130 [185 Pac. 1019], wherein it was held that the refusal of a new trial was not erroneous. While the trial court might properly have admonished the jurors to disregard the statements we cannot say that the error, if any, was prejudicial or that the refusal of a new trial was in the circumstances an abuse of discretion. To the same effect as the case mentioned are the following decisions: *State* v. *Allen*, 89 Iowa, 49 [56 N. W. 261]; *State* v. *Johnson*, 141 La. 775 [75 So. 678]; *State* v. *Crane*, 110 N. C. 530 [15 S. E. 231]. In *Downer* v. *State*, 10 Ga. App. 827 [74 S. E. 301], cited by defendant, it appears that the juror approached actively participated in a discussion of the merits of the cause, which was not the fact in the case at bar.

■ The transaction which led to the accusations against the defendant involved the sale of stock in a gold mining company, it being alleged that he misrepresented the condition of the mine. Two mining engineers were permitted to testify,

over objection by defendant, as to certain physical conditions, namely, the results of assays of ore from the mine, and the amount of ore which had been blocked out. The engineers' examination was made subsequent to the alleged misrepresentations, and it is urged that such testimony was for that reason incompetent. It clearly appears that the ore-body remained unchanged in character. Furthermore, one of the misrepresentations claimed was that certain ore had been blocked out. According to the testimony of the engineers this statement was untrue, as was the representation as to the assay value of the ore. There was no error in the admission of the testimony objected to.

*People* v. *Raplee,* 75 Cal. App. 38 [241 Pac. 892], relied upon by defendant, is not a holding to the contrary as the facts were not similar to those in the present case; and the same is true of *People* v. *Hines,* 5 Cal. App. 122 [89 Pac. 858] ; *San Diego Land etc. Co.* v. *Neale,* 88 Cal. 50 [25 Pac. 977, 11 L. R. A. 504], also cited by defendant.

The evidence shows that the defendant on numerous occasions misrepresented the condition of the mining property as to its development, the value of its ore and the amount thereof which was being produced. While conflicting, the evidence sufficiently shows that these representations were untrue, and that persons who purchased stock relied upon them and were thereby deceived to their injury.

Other points made by the defendant are without merit and require no discussion.

Evidence which the jury believed amply supports their verdict, and the record discloses no error which would justify the conclusion that there was a miscarriage of justice.

The order and judgment appealed from are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 27, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 10, 1935.