**HENDERSON v. UNITED STATES.**

**No. 9920.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1949.

Decided Jan. 31, 1949.

290

Wm. F. Martin, of Washington, D. C., for appellant.

L. Clark Ewing, Asst. U. S. Atty., of Washington, D. C., with whom George Morris Fay, U. S. Atty., and Sidney S. Sachs and John D. Lane, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before CLARK, PRETTYMAN, and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried, convicted and sentenced for violation of Section 1801, Title 22, of the District of Columbia Code, in that he entered the apartment of one Haselden with intent to commit a felony.[1] The question presented by the appeal is whether the place which the appellant admittedly entered was part of "any apartment or room". The apartment was on the first floor. The place which appellant entered was a porch. This porch was set back into the apartment house building, so that the walls of the building formed three walls around the porch. Similar porches were on the floors above. Across the fourth side of this first-floor porch, the only open side, was a heavy iron grating extending from six and a half to seven feet upwards from the floor. There was an open space of about two and a half feet between the top of the grating and the ceiling, but there was no door, window, or other such opening through the grating. The only door to the porch was from the living room of the apartment. Two bedroom windows of the apartment opened on the porch. At the time of the alleged offense, this porch was used in part for storage and laundry purposes.

At about two o'clock in the morning on May 3, 1948, appellant climbed the iron grating, through the space between the top of the grating and the ceiling of the porch, and attempted to break into one of the bedroom windows. He was apprehended on the spot.

There are cases dealing generally with the question of entering porches,[2] but porches are of such an infinite variety that it seems unnecessary to discuss them. On the facts in the present case as above stated, we hold that this porch was part of the apartment and that when the appellant entered it, he entered the apartment within the meaning of the statute. In this we agree with the District Court, and its judgment is, therefore,

Affirmed.

---

[1] Act of March 3, 1901, 31 Stat. 1323, D.C.Code, § 22—1801 (1940):

"Whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building, or any apartment or room, whether at the time occupied or not, or any steamboat, canal boat, vessel, or other watercraft, or railroad car, or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose of trade, with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be imprisoned for not more than fifteen years."

[2] Driver v. State, 1921, 206 Ala. 195, 89 So. 504; Henry v. State, 1866, 39 Ala. 679; Downer v. State, 1912, 10 Ga.App. 827, 74 S.E. 301; Johnson v. State, 1907, 2 Ga.App. 405, 58 S.E. 684; Burge v. State, 1878, 62 Ga. 170; State v. Scott, 1947, 162 Kan. 571, 178 P.2d 182; Moree v. State, 1928, 152 Miss. 278, 119 So. 202.