[Crim. No. 5230.   Second Dist., Div. Two.   Feb. 1, 1955.]

THE PEOPLE, Respondent, v. ALFRED JOHN MASON et al., Defendants; RODNEY C. OWENS, Appellant.

Richard A. Ibanez and Herbert E. Selwyn for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

FOX, J.—Defendants, Rodney C. Owens and Alfred John Mason, were convicted of violating section 288a, Penal Code. Defendant Owens appeals from the ensuing judgment and order denying his motion for a new trial.

The incident here involved took place in a public rest room in the city of Los Angeles. Police officers Barlow and Houchen, at approximately 11 a. m. on the day in question, entered a room some 4 feet wide and 20 to 30 feet in length which extended the entire length of the building between the two rest rooms for women and men. From this space the officers could see into the men's rest room by means of a number of peep holes in the wall and thus there observed the occurrences here related. From this vantage point Officer Barlow saw appellant enter the rest room and go into one of the toilets. Two or three minutes later Mason entered. There was no one else in the rest room. The officer then witnessed an act of oral copulation. Appellant denied participating in such an act. But the jury found him guilty and upon their verdict the judgment was entered.

Appellant's first contention is that the evidence was insufficient to justify the verdict of guilty. He bases this argument on the theory that the testimony of Officer Barlow was inherently improbable. There is no basis in fact for such contention. The officer testified to having seen appellant arise from the commode in the stall where he had been seated, step forward, stop just outside of the partition separating the toilets, and half turn, being then at right angles to the witness so that he then saw appellant in profile from about his ankles to his neck. Appellant stood erect; his codefendant was on his knees. It was in this setting that the witness observed the illegal act.

To come within the rule of inherent improbability the testimony must be such that it is physically impossible for it to be true, or its falsity must be apparent without resort to inference or deduction. (*People* v. *Frankfort,* 114 Cal. App.2d 680, 700 [251 P.2d 401]; *People* v. *Klinkenberg,* 90 Cal.App.2d 608, 627 [204 P.2d 47, 613].) Under this rule it is plain that Barlow's testimony was not inherently improbable. Defendant, however, seeks to fortify his contention by quoting a sentence from the arrest report the officer had signed, which stated that "The defendant stood up and the codefendant immediately started copulating his penis." From this he argues that the officer would not have been able to see an act of copulation take place as appellant's body would

be between the peep hole in the back of the stall and co-defendant's mouth. The difficulty with defendant's argument is that he assumes (1) that the officer's testimony and the statement in the arrest report are in direct conflict, and (2) that the jury was required to accept as true the latter. Neither of these premises is sound. The officer's testimony as to the movements of the parties was in much greater detail than the statement in the arrest report. The jury could properly regard such testimony as merely amplifying the report.

Furthermore, if there was a conflict or inconsistency in the witness' testimony and the statement in the arrest report that was for the jury to resolve. (*People* v. *Ashley*, 42 Cal. 2d 246, 266 [267 P.2d 271]; *People* v. *Frankfort, supra.*)

In this connection it must be borne in mind that as a witness the officer was under oath and subject to cross-examination. What appellant is really doing is attacking the credibility of Officer Barlow. Such an attack was proper in the trial court ''but on appeal it is sterile'' (*People* v. *Lindsey,* 90 Cal.App.2d 558, 563 [203 P.2d 572]), for it is the exclusive province of the trial judge and jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].) Implicit in the verdict of guilty is the finding that Officer Barlow observed the acts and conduct to which he testified. It cannot, therefore, be said that the evidence is insufficient to sustain the judgment of conviction.

Appellant's second point is that the verdict is contrary to law because he was denied a fair trial. He bases this contention on an incident that took place while the jury, at his request, was inspecting the premises where the offense was committed. There was written on the east wall of cubicle No. 5 the following: ''Rodney Mason is a queer. Where is Rodney? Me for Rodney?'' This writing was apparently observed by the jurors. It will be noted that it included the given name of appellant and the surname of his codefendant. Appellant now asserts that although he did not request the court to admonish the jury to disregard this writing the failure of the court, on its own motion, to so instruct the jury was prejudicial and prevented him from having a fair trial. Although the matter of the writing was gone into after the trial was resumed, it was not shown that anyone connected with the prosecution had anything to do with placing the writing there. If either defendant or his counsel had felt that such writing

was likely to prejudicially influence any of the jurors, an appropriate request to instruct the jury to disregard it should have been made. Such request would no doubt have been granted.

This question was raised on a motion for a new trial. In denying the motion the court commented on the unlikelihood of this incident's prejudicially affecting appellant's case as follows: ''I just can't conceive of that jury, or as far as that goes, any jury I have ever dealt with, giving the slightest bit of credence to a charge made in that way. Even the place where it was written would detract from any authenticity. . . . It is so unlikely it is almost beyond the realm of possibility, in the Court's opinion.'' The trial court thus had an opportunity to consider the likely effect of this incident on the jury. Its decision is determinative on appeal in the absence of a clear abuse of discretion. We find no such abuse. (*People* v. *Kross*, 112 Cal.App.2d 602, 612 [247 P.2d 44]; *People* v. *Currie*, 3 Cal.App.2d 31, 33 [39 P.2d 215].)

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.