BARNETTE, Judge.
Plaintiff Joseph R. Singerman sued his insurer, National Surety Corporation, to recover $800 under a policy of insurance designated as a “Money and Securities Broad Form Policy.” From a judgment in plaintiff’s favor, defendant-insurer appealed.
Plaintiff owns and operates a pharmacy under the trade name of Moffett’s Pharmacy at 2854 St. Charles Avenue in the City of New Orleans, Louisiana.
On May 7, 1965, he sent his employee, Alphonse Mason, to a nearby bank to cash a check for $800 to be used in his business. Upon Mason’s return to his employer’s place of business, he was accosted by three men who knocked or threw him down, forcibly seized the bag containing the $800, and fled. Mason was about to enter the store building and had stepped up on a so-called porch (which is nothing more than a covered platform), but no part of his body had passed through the doorway into the interior of plaintiff’s pharmacy.
Plaintiff’s business is conducted in a two-story building, the entry to which is the concrete “porch,” elevated about 12 inches above the level of the sidewalk and which is triangular in shape. The door of the building is recessed and is located at the base of the triangle; the exterior walls of the building are cut back about six feet from the corner leaving the two sides of the porch open. The second floor of the building projects over the porch and is supported by a column at the apex of the triangle.
In connection with his business the plaintiff contracted an insurance policy with the defendant. The three pertinent provisions of the policy are as follows:
“INSURING AGREEMENTS
“Coverage A — Loss Inside the Premises : To pay for loss of money and securities by the actual destruction, disappearance or wrongful abstraction thereof within the premises * * * ”
“CONDITIONS
* * * * * *
“ ‘Premises’ means the interior of that portion of any building at a location designated in the declarations which is occupied by the insured in conducting the business as stated therein.
‡ ‡ # ‡
“ ‘Robbery’ means the taking of insured property * * * (5) under Coverage A, (a) from within the premises by means of compelling a messenger or custodian by violence or threat of violence while outside the premises to admit a person into the premises or to furnish him with means of ingress into the premises, or (b) from a showcase or show window within the premises while regularly open for business, by a person who has broken the glass thereof from outside the premises.”
Coverage “B” of the policy provided for loss outside the premises, but the plaintiff did not want that coverage, and did not pay the additional premium for it.
Defendant contends that the theft was not covered by the terms of the policy because the loss did not occur “inside the premises.” Plaintiff’s argument is that the *293 concrete porch was a part of the premises, and since the theft occurred on the porch, it is covered by the policy.
We are of the opinion that the defendant is right in its contention and that the loss was not covered by the terms of the policy. The porch on which the loss occurred was not within the interior of the premises. The point at which one passes from the exterior into the interior of the premises is the recessed entrance door at the base of the triangle. The risks covered by the policy were those losses which occurred behind this door. Naturally, the risks outside the enclosure were greater, but the plaintiff did not take coverage on those risks which he could have had by paying an additional premium. Had the employee Mason put any part of his body through the doorway, the loss would have been covered by the policy. However, this was not the situation, and it is not contended that he did in fact cross the threshold.
We do not find the terms of the policy ambiguous. Coverage is provided for loss inside the premises, and premises is defined in the policy to be the interior portion of a building. We fail to see how it can be argued that the interior of the drugstore began at any other point than the door which separated the inside from the outside. It is at that point that the plaintiff opens and closes his business establishment. Therefore, it follows that the interior and exterior risks are separated at that point. The loss claimed here was unquestionably on the premises, but was not within the premises, and no recovery under the policy can be had.
After examining the jurisprudence, we are inclined to agree with counsel for both parties that there are no Louisiana cases interpreting the phrase “inside the premises.” Nevertheless, plaintiff and defendant cite in support of their arguments Clarke & Co. v. Fidelity & Cas. Co., 220 Ill.App. 576 (1921), and Fidelity & Deposit Co. of Maryland v. Panitz, 142 Md. 300, 120 A. 713 (1923), respectively.
Those foreign decisions were involved with the meaning of “inside the premises.” However, the factual situations in those cases are considerably different from the one before us, and their holdings have no application here.
The judgment appealed from is reversed, and judgment is now rendered in favor of the defendant National Surety Corporation against plaintiff Joseph R. Singer-man, doing business as Moffett’s Pharmacy, dismissing plaintiff’s suit at his costs in both courts.
Reversed.