292 So.2d 190 (1974)
OCEANONICS, INC. and the Rucker Company
v.
PETROLEUM DISTRIBUTING COMPANY et al.
No. 53936.
Supreme Court of Louisiana.
March 25, 1974.
*191 J. B. Jones, Jr., Jones & Jones, Cameron, Kenneth E. Gordon, Jr., Lafayette, Liskow & Lewis, New Orleans, H. Ward Fontenot, Cameron, for defendants-applicants.
E. F. Barnett, Lake Charles, Thomas A. Brown, Brown & Teed, Houston, Tex., for plaintiffs-respondents.
A. Lane Plauche, Plauche, Smith & Hebert, Lake Charles, for All-Star Ins. Corp., third party defendant-respondent.
Joe A. Brame, Brame, Bergstedt & Brame, Lake Charles, for Market Ins. Co., third party defendant-respondent.
BARHAM, Justice:
On application of Petroleum Distributing Company, Tesoro Petroleum Corporation and Taylor's Welding Service, Inc., we granted writs to review the dismissal of their third-party claims against Market Insurance Company and All-Star Insurance corporation. 283 So.2d 767 (La.1973). The writ was granted primarily to determine: (1) whether the third-party defendant insurance company, Market, had avoided, by contractual change, the insurance policy interpretation in Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958) and the appellate court decisions which followed that holding; and (2) whether the exclusion of coverage for damage, accidentally occurring after the policy expiration but resulting from a delictual act committed during the policy period, was contrary to public policy. We have concluded that the language in the policy of Market Insurance Company specifically meets the objections set forth in Kendrick v. Mason, supra, and that the case and its progeny are not controlling in interpretation of this policy. We have also concluded that while certain inequities may exist in the policy provisions of the Market Insurance Company policy, the exclusion provision referred to above is not against public policy to the extent that it may not form a valid and binding contract between the parties.
We adopt the majority opinion of the Court of Appeal, 280 So.2d 874 (La.App.3d Cir. 1973), and reiterate part of the language of that opinion:
"It appears to us that the language used in the Market policy was designed for the express purpose of avoiding the results of the Kendrick, Taylor[1] and Audubon[2] cases. The policy stipulates *192 in clear, unambiguous language that coverage is provided only for property damage which occurs during the policy period. That policy provision cannot be reconciled with the rule which was applied in the cited cases.
"In the absence of a conflict with statutes or with public policy, insurers have the same rights as do individuals to limit their liability and to enforce whatever conditions they please upon their obligations. In such an event unambiguous provisions in the insurance contract limiting liability must be given effect. Niles v. American Bankers Insurance Co., 258 So.2d 705 (La.App. 3 Cir. 1972).
"We find that in this instance Market had the right to limit its liability to property damage which occurred during the policy period. Since the provisions in the Market policy are different from those contained in the policies involved in Kendrick, Taylor and Audubon, we hold that those cases are not applicable here. Our conclusion is that no coverage was provided in the Market policy since the property damage did not occur during the policy period."
We also adopt the Court of Appeal opinion's disposition of the issue of coverage under the policy of insurance issued by All-Star Insurance Corporation.
Turning specifically to the public policy issue, we cannot say that public policy dictates a judicial declaration that general liability insurance policies providing completed operations and products liability coverage cannot exclude coverage for damage arising from an occurrence (which is defined as an accident "which results, during the policy period, in bodily injury or property damage") after the policy period, although the delictual act which gave rise to the occurrence took place during the policy period. The insured was totally free to secure, by payment of a proper premium year after year, completed operations and products liability coverage which would insure it against claims arising from accidents occurring during the particular policy period but resulting from delictual acts which took place anterior to the policy.
The Market Insurance Company policy in no way restricted the contractual ability of the insured to secure from any insurance company complete coverage for the risk which arose here.[3] We can find no jurisdiction which holds public policy to be offended by the exclusionary clause contained in Market's policy. Moreover, we can find no valid distinction between the civilian tradition approach to delictual liability and the common law approach to tort liability from which we could create a different approach to the public policy consideration of the insurer's coverage provided here.
The writ of certiorari was improvidently granted. The decision of the Court of Appeal is affirmed. Costs in this Court are to be paid by relators.
NOTES
[1] Taylor Contracting & Supply Company v. American Mutual Liability Insurance Company, 163 So.2d 450 (La.App.2d Cir. 1964).
[2] Audubon Coin & Stamp Co. v. Alford Safe & Lock Co. et al., 230 So.2d 278 (La.App. 1st Cir. 1969).
[3] In Livingston Parish School Board v. Fireman's Fund American Insurance Company et al., 282 So.2d 478 (La.1973), this Court considered a policy insuring the risk of professional errors and omissions (a professional liability policy). The facts concerning renewal were detrimental to plaintiff's claim for policy coverage. However, the clause limiting coverage to claims "made" during the policy period was coupled with provisions concerning extension of that coverage if claims were "made" within policy periods provided by successive and continuously renewed policies with the particular insurer. The combination of the provisions appeared to inhibit the freedom of contract. Three members voted for a rehearing in that case in order to reconsider whether that type of policy violated the public policy of this State. The policy provisions in the two cases differ considerably.