James I. McMILLIAN, Plaintiff,

v.

COATING SPECIALISTS, INC., et al., Defendants.

Civ. A. No. 75–3250.

United States District Court, E. D. Louisiana.

Nov. 17, 1976.

---

Deutsch, Kerrigan & Stiles, Christopher Tompkins, New Orleans, La., for Ins. Co. of N. A.

Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Edward P. Lobman, New Orleans, La., for North River Ins. Co. and Westchester Fire Ins. Co.

Beard, Blue, Scmitt & Mathes, Robert M. Johnston, and Christovich & Kearney, Lawrence J. Ernst, New Orleans, La., for Pulmosan Safety Equipment Corp.

Hammett, Leake, Hammett, Hulse & Nelson, Craig R. Nelson, New Orleans, La., for Commercial and Clemco.

Drury, Lozes & Curry, Felicien P. Lozes, New Orleans, La., for Commercial Union Co., Employers Liability Assur., and Northern Assur. Co.

Adams & Reese, Robert A. Vosbein, Trial Atty., New Orleans, La., for Market Ins. Co.

Eugene J. Gomes, Jr., New Orleans, La., for Continental Casualty.

Chaffe, McCall, Phillips, Toler & Sarpy, Robert B. Deane, Trial Atty., New Orleans, La., for Underwriters at Lloyd's and Harbor Ins. Co.

Jones, Walker, Waechter, Poitevant, Carrere & Denegre, Fred E. Salley, John H. Stibbs, Jr., New Orleans, La., for Mission Ins. Co.

Charles R. Capdeville, New Orleans, La., for Coating Specialists.

Roger H. Fellom, New Orleans, La., for plaintiff.

Terriberry, Carroll, Yancey & Farrell, John A. Bolles, New Orleans, La., for Steamship Mut. Underwriting Ass'n Ltd.

Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, La., for Transamerica Ins. Co.

ALVIN B. RUBIN, District Judge.

A Jones Act seaman [1] contracted silicosis during the course of his employment as a sandblaster over a period of 5 years by the same employer. His employer changed insurers several times during the plaintiff's employment. One group of policies contains identical language, extending coverage "only to injury . . . by disease caused *or aggravated* by exposure of which the last day of the last exposure, in the employment of the insured, to conditions

1. That the plaintiff was a "member of the crew" of a vessel is not established. Because there is a genuine dispute concerning this, his contention that he had that status must be accepted for purposes of this motion. Else he would be entitled only to compensation benefits under the LHWCA.

arising the disease occurs during the policy period." [Emphasis supplied.] The plaintiff continued in the same employment after these policies terminated and continued to be exposed to silica dust thereafter.

■ If the inverse word order is altered, the policy covers disease only if "the last exposure . . . to conditions [that] caused or aggravated the disease" occurred "during the policy period." These insurers [2] contend that they are entitled to summary judgment because only the insurance company that had the risk on the last day of exposure to silica dust could be liable. This position is supported by the decision of the late Judge Herbert Christenberry in *Froust v. Coating Specialists, Inc.,* E.D.La.1973, 364 F.Supp. 1154, aff'd 5 Cir. 1974, 494 F.2d 1352. In the light of this authority, the only argument plaintiff can muster is that, even if he was last exposed to conditions that *might* have caused silicosis after the policies had expired, there is no evidence that the later exposure did cause the disease and that the policy requires that the conditions to which the employee is exposed be those that actually "caused" the disease. This argument proves too much; the medical testimony shows that silicosis is caused by the inhalation of dust and is aggravated by continued exposure; to be redundant for the sake of emphasis, the condition becomes more severe as exposure lengthens. When the disease is diagnosed after a long period of exposure, it is difficult or impossible to determine when it began, that is when it was "caused," and how it progressed thereafter. Continued exposure to silica dust after a certain date is therefore as much a condition that either "caused" or "aggravated" the disease as the earlier exposure.

■ A second, but equally decisive reason for dismissing these insurers stems from another policy provision: "No coverage is provided where written claim is not made nor suit brought against the insured within thirty-six months after the end of the policy period." The plaintiff made no claim and filed no suit within that period. The policy having been written in Louisiana, the limitation was valid and enforceable. See *Livingston Parish School Board v. Fireman's Fund American Insurance Company,* La.1973, 282 So.2d 478; *Oceanonics, Inc. v. Petroleum Distributing Company,* La.1974, 292 So.2d 190. While this is a Jones Act case, no reason of public policy is advanced that would make this policy clause unenforceable at least where, as here, the time permitted (36 months) is longer than the statute of limitations for tort and workmen's compensation cases.

■ A second group of policies [3] is excess insurance. These policies do not contain the clauses quoted above. But they are excess to these primary policies. They state:

". . . liability shall attach . . . only after the Primary insurers have paid or been held liable to pay the full amount of their respective ultimate net loss liability . . .."

In addition the policies are expressly subject to the same "terms and conditions" as the primary insurance.

The foundation on which excess liability is predicated is primary liability. There being no basis for liability of the primary insurers, the excess insurers cannot be held.

For these reasons, summary judgment is granted in favor of the insurers named in the footnotes.

---

2. Westchester Fire Insurance Company and North River Insurance Company, and Insurance Company of North America.

3. Written by Underwriters at Lloyd's of London and Harbor Insurance Company.