GULF STATES UTILITIES COMPANY

v.

ECODYNE CORPORATION et al.

Civ. A. No. 760359.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Dec. 5, 1977.

Robert W. Clements, Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, La., for plaintiff.

John B. Scofield, Scofield, Bergstedt & Gerard, William M. Nolen, Jones, Patin, Harper, Tete & Wetherill, Lake Charles, La., Malcolm B. Rosow, Standard, Weis-

berg, Heckerling & Rosow, New York City, Clarence A. Frost, Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., Reid K. Hebert, Plauche, Smith, Hebert & Nieset, Lake Charles, La., for defendants.

### RULING ON MOTION

VERON, District Judge.

This case was originally brought by plaintiff, Gulf States Utilities, against Fluor Products Company (hereinafter referred to as "Fluor") and Ecodyne Corporation (the successor to Fluor, hereinafter referred to as "Ecodyne"). Plaintiff alleged that it had suffered damages as a result of a failure by two cooling towers which were provided by Fluor and Ecodyne and that this failure resulted from a failure in design as well as from the utilization of inadequate materials. Plaintiff bases its suit on a breach of contract theory. This court's jurisdiction over the matter stems from the diversity of citizenship of the parties.

Ecodyne, claiming that there were in effect various insurance policies protecting it against plaintiff's claims, made American Motorist's Insurance Company, (hereinafter referred to as "American") and Lloyd's of London third party defendants for the purposes of enforcing those insurance policies and recovering all expenses resulting from defending itself in this action. American has denied the existence of an applicable insurance policy and has refused to defend Ecodyne in the instant action.

American now brings a motion for summary judgment seeking to have Ecodyne's third party complaint dismissed. As a basis for its motion, American asserts that the only insurance policy between it and Fluor had been an "occurrence policy" and that the damages sued upon by plaintiff are not the result of an "occurrence" during the effective life of the policy. Ecodyne, on the other hand, asserts that the "occurrence" limitation prevents recovery only for losses occurring after the policy period which resulted from acts of negligence occurring during the policy period, but that no such limitation exists for actions based on a breach of contract.

Section VI of the relevant insurance policy states:

"POLICY PERIOD, TERRITORY

This policy applies only to occurrences which take place during the policy period within the United States of America, its territories or possessions . . . ."

The policy later defines this terminology: "The word 'occurrence' means an event or continued repeated exposure to conditions which result in injury or destruction *during the term of this policy.*" (Emphasis added)

■ It is clear that "occurrence" type insurance policies limit liability of the insurer both with regard to the time of damage suffered and the time of the underlying cause of that damage. Thus, the Louisiana Supreme Court has held that under an insurance policy which provided coverage only for damage occurring during the policy period, no coverage was provided for damage occurring after policy expiration even if resulting from an act committed during the policy period. *Oceanonics, Inc. v. Petroleum Distributing Company*, 292 So.2d 190 (La.1974).

Ecodyne urges that the line of cases interpreting "occurrence" policies applies only to damages resulting from negligence. It is argued, however, that since the instant case is based upon an alleged breach of contract the limitation is not applicable. We read the insurance policy more broadly than does Ecodyne. Section VI makes no distinction between contract and tort coverage. It simply states that the policy applies only to damage suffered during the life of the policy. This conclusion is supported by the definition of "contract" to be found in the policy itself:

"The word 'contract' means a warranty of goods or products or any and all agreements *in effect at the inception of this policy or subsequently effected during the term of this policy.*" (Emphasis added)

The clear implication is that contractual liability, just as tort liability, was limited to the duration of the policy itself.

Absent any explicit language within the policy, Ecodyne's assertion that the applicable insurance policy provided diverse periods of coverage would seem to be irrational on its face. Ecodyne is arguing, in effect, that when American assumed the risk of liability for any contractual obligations which Ecodyne and Fluor might have had during the term of the policy, American accepted that risk in perpetuity. That is, any contractual obligation in existence prior to expiration or cancellation of the policy was covered, even after the policy's expiration. We cannot accept this as a reasonable reading of the policy's words.

For the foregoing reasons we hold that the "occurrence" limitation applies equally to damage resulting from a breach of contract as well as to damage from acts of negligence. Since there has been no showing that the damage sued upon stems from an "occurrence," we grant American's motion for summary judgment and order that Ecodyne's third party complaint be dismissed.