463 So.2d 653 (1985)
DELTA DECKS, INC., et al.
v.
UNITED STATES FIRE INSURANCE COMPANY.
No. CA-1886.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Bruce G. Reed, J.D., Reed & Reed, New Orleans, for plaintiffs-appellants.
John E. McAuliffe, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant-appellee.
*654 Before GARRISON, BARRY and LOBRANO, JJ.
BARRY, Judge.
Plaintiffs' burglary insurance claim was dismissed based on no evidence of forced entry to the insured premises.
The facts are undisputed. Plaintiffs own and operate a business at 8100 Chef Menteur Highway in New Orleans. The address consists of an office building and shop on land surrounded by an outer locked fence. An employee arrived at work and discovered the side door to the office building open. There was no sign of forced entry, but the fence had been cut open. An outside guard dog was missing. Items valued in excess of defendant's $5,000.00 burglary policy were stolen.
Plaintiffs' suit for recovery was dismissed because the insurance policy barred recovery due to no forced entry into the building. We affirm.
The policy provides:
To pay for loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the insured and located outside the premises but inside the building lines of the building containing the premises or attached to said building.
"Premises" and "burglary" are defined:
(a) "Premises" means the interior of that portion of the building at the location designated in the declarations which is shown in the declarations as occupied by the insured in conducting the business as stated therein, but shall not include (1) showcases or show windows not opening directly into the interior of the premises, or (2) public entrances, halls or stairways.
(b) "Burglary" means the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry, or (2) from within a showcase or show window outside the premises by a person making felonious entry into such showcase or show window by actual force and violence, of which force and violence there are visible marks thereon, or (3) from within the premises by a person making felonious exit therefrom by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the interior of the premises at the place of such exit.
Thus, liability is restricted to losses from forcible entry on the "premises" when the entry is evidenced by visible marks and property is stolen from inside. Plaintiffs contend such provisions are against public policy because a burglary is defined in a more restrictive manner in our criminal law. They argue the right to sell burglary insurance is created by statute, La.R.S. 22:6(6), and the criminal definition of burglary, La.R.S. 14:62, should control the contract.
R.S. 14:62 does not include forced entry as an element of a burglary. R.S. 22:6(6) does not require that policies define burglary in conformity with our criminal law. To the contrary, our jurisprudence recognizes an insurance company's right to insert a clause limiting liability when there are no visible marks of forced entry. Lichtentag v. Millers Mutual Fire Insurance Company of Texas, 250 So.2d 105 (La.App. 4th Cir.1971); Lacombe v. Zurich Insurance Company, 210 So.2d 338 (La.App. 3rd Cir. 1968); Petrie v. Millers Mutual Fire Insurance Company of Texas, 115 So.2d 228 (La.App.Orl.1959). The reason for incorporating such a limitation was enunciated in Kline v. Ocean Accident and Guarantee Corporation, Ltd., 9 Orleans App. 210, 212 (1912):
It is clearly the purpose of the clause in the policy to protect the company against the res ipsa loquitur view that burglary *655 may be inferred from disappearance of the objects irrespective of any evidence whatsoever of forcible entry.
Limiting liability to proof of visible evidence of forced entry is not against public policy. Lichtentag v. Millers Mutual Fire Insurance Company of Texas, supra. In the absence of conflict with laws or public policy, insurers have the right to limit their liability and impose whatever conditions they please upon their obligations under the policy. Oceanonics, Inc. v. Petroleum Distributing Company, 292 So.2d 190 (La.1974); Fruge v. First Continental Life and Accident Insurance Company, 430 So.2d 1072 (La.App. 4th Cir. 1983).
Plaintiffs argue the fence surrounding the office building is part of the "premises", and since it was cut the visible marks of forced entry warrant coverage.
An insurance policy is a contract between the insured and the insurer and is the law between them. La.C.C. Art. 1901; Fruge v. First Continental Life and Accident Insurance Company, supra; Jones v. Allstate Insurance Company, 429 So.2d 241 (La.App. 3rd Cir.1983); Hall v. National Life and Accident Insurance Company, 383 So.2d 74 (La.App. 3rd Cir.1980). Where the language of the policy is free and clear of ambiguity, it constitutes the contract between the parties and must be enforced as written. Fruge v. First Continental Life and Accident Insurance Company, supra; Hall v. National Life and Accident Insurance Company, supra.
This insurance policy defines "premises" as "the interior of that portion of the building at the location designated in the declarations." Coverage is provided for loss inside the premises [building] when visible signs of forced entry appear on the premises [building]. It is ludicrous to argue the interior of a building includes the fence and area outside the building.
In Singerman v. National Surety Corporation, 196 So.2d 291 (La.App. 4th Cir. 1967), the plaintiff operated a pharmacy in a two-story building surrounded by a concrete porch. An employee was robbed on the porch before entering the building. Coverage was denied because the loss did not occur "inside the premises" as required by the policy. "Premises" as defined in the Singerman policy was virtually identical to this case: "the interior of that portion of any building at a location designated in the declarations." The court held that the porch was not the interior of the premises as contemplated by the policy and stated:
The point at which one passes from the exterior into the interior of the premises is the recessed entrance door at the base of the triangle. The risks covered by the policy were those losses which occurred behind this door. Naturally, the risks outside the enclosure were greater, but the plaintiff did not take coverage on those risks which he could have had by paying an additional premium ... The loss claimed here was unquestionably on the premises, but was not within the premises, and no recovery under the policy can be had.
Here there was no sign of forced entry to the office building. The cut fence was not part of the building and there is no basis to recover.
The judgment is affirmed.
AFFIRMED.