LABORDE, Judge,
dissenting.
I respectfully disagree with the decision reached by the majority. I find that there is a genuine issue of material fact as to whether the land where the plaintiff fell is a part of the “premises,” or whether it is vacant unrented land. This issue of fact is material because the personal liability exclusions which State Farm relies on to deny coverage — exclusions 1(b) and (d) — both hinge upon the definition of “premises.” In other words, if the land is part of the “premises” it is not covered under the policy, but if it is vacant, unrented land, it would appear to be covered.
As there is no written lease between the parties in this case, we must rely on their deposition testimony to ascertain what property was intended to be leased. In her deposition testimony, Madeline Boustany, stated that only the buildings were leased to Mr. Lopez and that the land adjacent to them was never rented, nor was it ever held out as being for rent. State Farm *658 filed no countervailing affidavits or depositions on this issue.
To further complicate matters, State Farm’s policy does not define the term “premises.” Despite the lack of a definition, the majority finds that the term “premises” includes the buildings and the adjacent grounds. In reaching this conclusion, the majority first points out that State Farm’s policy defines “residence premises” as being the “one, two, three or four-family dwelling, other structure and grounds ... where you reside.... ” However, I do not think that “residence premises” should be used to define “premises,” as there is no indication that these two terms are synonyms or are to be used interchangeably.
The majority also determines that “premises” should be interpreted in its customary and usual sense to mean a tract of land with the buildings thereon. I have difficulty with this notion of applying the customary and usual sense of “premises” for the simple reason that there does not appear to be a customary or usual sense of this term. To the contrary, “premises” is defined in a variety of ways. For instance, the majority cites to Black’s Law Dictionary for the proposition that “premises” taken in its customary and usual sense means a building and the land surrounding it. Black’s does indeed define “premises” in this manner; however, it also provides this definition of the term: “[a] distinct and definite locality and may mean a room, shop, building, or other definite area, or a distinct portion of real estate.” Black’s Law Dictionary (5th Edition, 1979). In fact, this court relied on that very definition in Piper v. Central Louisiana Electric Co., Inc., 446 So.2d 939 (La.App. 3d Cir.1984). In determining that a distinct portion of a utility pole constituted a “premises,” we stated:
“The term ‘premises' is a very general and purely descriptive label used to define various localities including a room, building, definite area or a distinct portion of real estate or its appurtenances.”
Piper at 943. Additionally, policies issued by other insurance companies have defined the term “premises” very narrowly. See Delta Decks v. United States Fire Insurance Co., 463 So.2d 653 (La.App. 4th Cir.1985); Singerman v. National Surety Corp., 196 So.2d 291 (La.App. 4th Cir.1967). In Delta Decks, the policy defined “premises” as the “interior of that portion of the building at the location designated in these declarations.” Delta Decks at 654. The court in that case determined that a fence and land adjacent to a building was not part of the “premises.” Similarly, in Sing-erman, a porch surrounding a building was held not to be part of the “premises.”
For the foregoing reasons, it is my opinion that summary judgment should not have been granted in this case. I respectfully dissent.