### COMMERCIAL CASUALTY INS. CO. v. CITY JEWELRY CO.
### No. 14022.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 2, 1940.

Rehearing Denied March 15, 1940.

T. R. Boone and Kearby Peery, both of Wichita Falls, for plaintiff in error.

Bert King and Harold Jones, both of Wichita Falls, for defendant in error.

BROWN, Justice.

Appellee corporation, City Jewelry Company, brought suit against appellant corporation, Commercial Casualty Insurance Company, to recover under a certain insurance contract, and alleged:

"That on the 17th day of April, 1937, the defendant issued its policy No. BH 63399 of insurance, which is styled 'Combination Inside and Messenger Robbery Policy',

which contract of insurance plaintiff alleges insured the plaintiff and its place of business against robbery, as is fully set out in said policy, copy of which is hereby attached, marked Exhibit 'B' for identification, and made a part of the pleadings for all intents and purposes, and is fully pleaded as the contract upon which plaintiff sues.

"2. Plaintiff would further show to the court that on the night of June 3rd, 1938, and at a time when said policy was in full force and effect, and in the hours covered by said policy, that the property fully described in Exhibit 'A', hereto attached, was taken by robbery from within the store building of the City Jewelry Company at 713 Eighth Street, Wichita Falls, Texas, and was stolen and carried away from within said building so as to entitle plaintiff to recover herein under the policy, as set forth in Exhibit 'B', for loss of the property, as fully set out in Exhibit 'A', hereto attached, which is also fully pleaded as a part of this petition, fully describing and identifying the goods that were taken from within said premises so as to constitute a robbery and loss under the policy hereinabove pleaded, and at a time when a custodian and at least one other employee of the assured were on duty therein."

The pertinent portions of the contract are as follows:

"Loss Outside Premises. I. To indemnify the assured for all loss of or damage to such property, including the wallet, bag, satchel, safe or chest in which it is contained, occasioned by *robbery or attempt thereat* committed during the hours beginning at 7 o'clock A. M. and ending at 7 o'clock P. M., from a custodian outside the Assured's premises but within the United States or Canada.

"Loss Inside Premises. II. To indemnify the assured for all loss of or damage to such property, including the furniture, fixtures and other property in the premises, occasioned by *robbery or attempt thereat* committed during the hours beginning at 7 o'clock A. M. and ending at 12 o'clock P. M. (within the Policy period) within the assured's premises, and for all damage to the premises provided the assured is the owner thereof or is liable for such damages. In no event shall this Policy cover damage to plate glass, or lettering or ornamentation thereon.

"Limits of Indemnity. III. The company's liability is limited as specified in Sections (b), (c), (d), (f) and (g) of Item 4 of the Declarations and subject to such limits as respects each section, the total liability of the Company hereunder is limited to the amount stated in Item 6 of the Declarations.

"Policy Period. IV. This agreement shall apply only to loss or damage as aforesaid, occurring within the Policy Period defined in Item 3 of the Declarations or within any extension thereof under renewal certificate issued by the Company.

"This agreement is subject to the following conditions which are conditions precedent to any recovery hereunder:

"Definitions. A. *'Robbery'*, as used in this Policy, shall mean a felonious and forcible taking of property: (1) By violence inflicted upon a custodian; (2) by putting him in fear of violence; (3) by an overt felonious act committed in the presence of custodian and of which he was actually cognizant; or (4) from the person or direct care and custody of a custodian, who, while having custody of property covered hereby, has been killed or rendered unconscious by injuries inflicted maliciously or sustained accidentally. 'Money', as used in this Policy, shall mean currency, coin, bank notes (signed or unsigned) bullion and uncancelled postage stamps in current use. 'Securities', as used in this Policy, shall mean all negotiable or non-negotiable instruments, documents or contracts representing money or other property and shall include revenue and other stamps in current use, but shall not include postage stamps. 'Custodian', as used in this Policy, shall mean: (1) The assured, if an individual; (2) a member of the firm, if the assured is a co-partnership; (3) any officer of the assured, if the assured is a corporation; (4) any person not less than seventeen nor more than sixty-five years of age, who is in the regular employ of the assured and duly authorized by him to act as paymaster, messenger, cashier, clerk or sales person, and while so acting to have the care and custody of property covered hereby. In no event shall a watchman or a porter be considered a custodian. 'Guard', as used in this Policy, shall mean any male person not less than seventeen (17) nor more than sixty-five (65) years of age who accompanies the custodian by direction of the assured, but who is not a driver of a public conveyance. 'Premises', as used in this Policy, shall mean the interior of that portion of the building designated in Item 2 of the Declarations, occupied solely by the assured in conducting his business.

" * * *

"Exclusions. C. The Company shall not be liable for loss or damage: (1) Occurring within a show window in the premises and occasioned by a person or persons breaking said window from outside the premises; (2) unless the robbery is established by reasonable evidence; (3) of securities unless the assured shall, after their loss, use diligence in endeavoring to prevent their negotiation or payment; (4) if any one of the following persons is criminally implicated as principal or accessory in committing or attempting to commit the robbery: (a) the assured; (b) an associate in interest; (c) a custodian or any other employee of the assured directly in charge of property insured hereunder; (d) any guard accompanying a custodian; (5) unless the assured has taken all reasonable precautions to safeguard the property against loss by robbery; (6) unless books and accounts are kept by the assured in such manner that the Company can accurately determine therefrom the amount of the loss; (7) if the assured defrauds or attempts to defraud the company in the procuring of the insurance or in the adjustment of any claim thereunder.

" * * *

"Declarations. N. The Statements in Items numbered 1 to 18, inclusive, in the Declaration hereinafter contained, are declared by the assured to be true, the company relying on the truth of such statements as conditions precedent to recovery hereunder, such policy being issued in consideration of such statements and of the total premium in the Declarations expressed.

"Item 1. Name of Assured is City Jewelry Company, Inc.

"Item 2. The location of the building containing the premises is 713 Eighth Street, Wichita Falls, Texas. The portion of the building occupied solely by the assured in conducting his business, and herein called 'the premises' is Entire.

"Item 3. The Policy Period shall be from April 17th, 1937, to April 17th, 1938, at 12 o'clock noon, standard time, at the location of the premises as to each of said dates.

"Item 4. Section (a) The insurance granted under Indemnity Paragraph 1 of this Policy and the premium therefor shall apply specifically as provided in Section (b), (c) and (d) of this Item.

"Section (b) (Outside Coverage) Insurance Premium on money, securities and merchandise specified in Item 7, while in the care and custody of a custodian accompanied or unaccompanied by a guard. none.

"Section (c) On money, securities and merchandise specified in Item 7, while in the care and custody of a custodian accompanied by at least————guard(s). none.

"Section (d) On money, securities and merchandise specified in Item 7, while in the care and custody of a custodian accompanied by at least————guard(s), the property being otherwise safeguarded as follows: none.

"Section (e) The insurance granted under Indemnity Paragraph II of this Policy and the premium therefor shall apply specifically as provided in Section (f) and (g) of this item.

"(Inside Coverage)

"Section (f) On money, securities and merchandise specified in Item 8, from within the premises when at least one custodian is on duty therein .................none.

"Section (g) On money, securities and merchandise specified in Item 8, from within the premises when a custodian and at least one other employee of the Assured are on duty therein....$5,000.00....$90.00

"Total Premium for this Policy is .. 90.00

"Item 5. The premium is payable $90.00 in advance, $ Nil on first anniversary, and $ Nil on second anniversary.

"Item 6. Subject to the limits specified in Item 4, Section (b), (c), (d), (f) and (g) respectively, the company's total liability under this policy is limited to Five Thousand and no/100 Dollars ($5,000.00).

"Item 7. The merchandise covered under Indemnity Paragraph 1 is None.

"Item 8. The merchandise covered under Indemnity Paragraph 11 is Usual to Assured's business.

"Item 9. Assured's business is Loans, Jewelry, Luggage, Sporting Goods and Novelties.

"Item 10. Not more than one custodian outside the premises will have custody of property covered hereby at any one time except as herein stated. Not applicable.

"Item 11. All custodians and guards will be armed with loaded firearms, except as herein stated: Not warranted.

"Item 12. The property while in course of conveyance outside the premises, will be conveyed in————————employed for the exclusive use of the custodian throughout his entire trip, except as herein stated: Not applicable.

"Item 13. There is in the premises a cashier's office or similar enclosure provided for the use of the custodian, except as herein stated: Not warranted.

"Item 14. A watchman or guard with no other duties is on duty in the premises or at the door of the premises, while regularly open for business, except as herein stated: No exceptions.

"Item 15. A foot or hand push button burglar alarm system connected with a gong outside or inside the premises is maintained, except as herein stated: Not warranted.

"Item 16. The Assured has no other similar insurance, except as herein stated: No exceptions.

"Item 17. The Assured has not sustained, or received indemnity for, a loss by robbery, burglary, or theft within the last five years, except as herein stated. No exceptions.

"Item 18. No robbery, burglary or theft insurance applied for or carried by the Assured has ever been declined or cancelled, except as herein stated: No exceptions."

The insurance carrier denied liability, and the cause being tried to a jury, the trial court gave the jury the charge using the following language: "1. 'Robbery', as that term is used in this charge, means a felonious and forcible taking of property by overt felonious act committed in the presence of custodian and of which he was actually cognizant. 2. 'Custodian', as used in this charge, means any person not less than 17 nor more than 65 years of age who is in the regular employ of assured and duly authorized by him to act as paymaster, messenger, cashier, clerk or sales person, and while so acting to have the care and custody of property covered by the policy, and in no event is a watchman or porter to be considered as a custodian. * * * 4. 'Felonious Act' as used in this charge, means an act wilfully done, without color of right or excuse, and includes the wrongful and wilful taking of property with the intent to deprive the owner of the value of same, and with intent to appropriate same to the use and benefit of the person taking."

The case being submitted on Special Issues, the jury found, (1) "that merchandise was taken from the west window" of insured's place of business by some person or persons other than insured's employees, (2) that the merchandise so taken was that described in plaintiff's Exhibit 4, (4) that such merchandise "was taken under such circumstances as to constitute robbery, as hereinbefore defined", (6) that a custodian and one other employee of plaintiff were on duty at the time the merchandise was taken from the west window, (7) the reasonable cash market value of the articles taken was $2,962.32, (8) that the insured took all reasonable precaution to safeguard its property against loss by robbery at the time and place in question, (9) that insured kept its books and accounts in such manner that the defendant could accurately determine therefrom the amount of loss claimed, (10) that "none of the articles described in plaintiff's Exhibit 4 were returned to" the plaintiff.

The trial court refused the defendant's request for a peremptory charge in its favor and overruled all objections to the court's charge and rendered judgment for the plaintiff against the insurer for the amount found by the verdict.

The defendant has appealed and presents eleven propositions which are asserted to be bottomed on its 13 assignments of error.

The first proposition contends that the policy of insurance having provided that the insurer would not be liable for robbery of a show window caused by persons breaking the window from the outside, and the undisputed proof having shown that if any property was taken it was taken by persons standing outside the windows, it was immaterial under the policy that the windows were broken by a severe wind, the same result having been reached as if they had been broken by a person or persons, and the plaintiff failed to prove any liability on the part of the defendant.

This proposition is germane to the first assignment of error, which complains of the refusal of the trial court to give the defendant a peremptory instruction.

We believe that this assignment of error is well taken.

It is quite evident that the policy was not written to cover "Loss outside the Premises", which is provided for in paragraph or section 1, found in the forepart of the contract. Paragraph or section III of the contract dealing with the "Limits of Indemnity" specifically states: "The company's liability is limited as specified in Sections (b), (c), (d), (f) and (g) of Item 4 of the Declarations and subject to such limits as respects each section, the total liability of the Company hereunder is limited to the amount stated in Item 6 of the Declarations."

When we turn to the provisions of the contract called "Declarations", under Item 4 we find that it is specifically provided in the contract that all "outside coverage" is excluded, that there is no liability for such. See Sections (b), (c) and (d) of said Item 4. Coming down to "Inside Coverage", mentioned in said Item 4, we find:

"Section (f) On money, securities and merchandise specified in Item 8, from within the premises when at least one custodian is on duty therein. None.

"Section (g) On money, securities and merchandise specified in Item 8, from within the premises when a custodian and at least one other employee of the Assured are on duty therein . . . .$5,000.00 "Total premium for this policy is . $90.00"

We find Item 6 as follows: "Subject to the limits specified in Item 4, Sections (b), (c), (d), (f) and (g) respectively, the Company's total liability under this Policy is limited to Five Thousand & No/100 Dollars ($5,000.00)."

Item 8 referred to is: "The merchandise covered under Indemnity Paragraph II is Usual to Assured's business."

Item 9 is: "Assured's business is Loans, Jewelry, Luggage, Sporting Goods and Novelties."

We conclude that the policy only covers "Loss Inside the Premises" and we are confined to such loss as is covered by the contract.

By Section II in the forepart of the policy, the insurer contracts to indemnify the assured "for all loss of or damage to such property * * * occasioned by Robbery or Attempt Thereat committed * * * within the assured's premises. In no event shall this Policy cover damage to plate glass, or lettering or ornamentation thereon."

The contract specifies: "This agreement is subject to the following conditions which are conditions precedent to any recovery hereunder: Definitions. A. 'Robbery', as used in this Policy, shall mean a felonious and forcible taking of property: (1) by violence inflicted upon a custodian; (2) by putting him in fear of violence; (3) by an overt felonious act committed in the presence of custodian and of which he was actually cognizant; or (4) from the person or direct care and custody of a custodian, who, while having custody of property covered hereby, has been killed or rendered unconscious by injuries inflicted maliciously or sustained accidentally. * * * 'Custodian', as used in this Policy, shall mean: (1) the assured, if an individual; (2) a member of the firm, if the assured is a co-partnership; (3) any officer of the assured, if the assured is a corporation; (4) any person not less than seventeen nor more than sixty-five years of age, who is in the regular employ of the assured and duly authorized by him to act as paymaster, messenger, cashier, clerk or sales person, and while so acting to have the care and custody of property covered hereby. In no event shall a watchman or a porter be considered a custodian. * * * 'Premises', as used in this Policy shall mean the interior of that portion of the building designated in Item 2 of the Declarations, occupied solely by the assured in conducting his business."

Under "Exclusions" covered by paragraph C, we find the following: "The company shall not be liable for loss or damage: (1) occurring within a show window in the premises and occasioned by a person or persons breaking said window from outside the premises; (2) unless the robbery is established by reasonable evidence; * * * (4) if any one of the following persons is criminally implicated as principal or accessory in committing or attempting to commit the robbery: (a) the assured; (b) an associate in interest; (c) a custodian or any other employee of the assured directly in charge of property insured thereunder; (d) any guard accompanying a custodian; (5) unless the assured has taken all reasonable precautions to safeguard the property against loss by robbery; (6) unless books and accounts are kept by the assured in such manner that the company can ac-

curately determine therefrom the amount of the loss."

■ We conclude that this is a robbery and not a theft insurance contract.

The loss covered is that "occasioned by Robbery or Attempt Thereat committed during the hours beginning at 7 o'clock A. M. and ending at 12 o'clock P. M., within the assured's premises."

These are the hours when the owners and employees may be found on and in the premises.

The policy defines "robbery" as "a felonious and forcible taking of property", and the definition goes further to describe what is meant by such "felonious and forcible taking": "(1) by violence inflicted upon a custodian; (2) by putting him in fear of violence; (3) by an overt felonious act committed in the presence of custodian and of which he was actually cognizant; or (4) from the person or direct care and custody of a custodian, who, while having custody of property covered hereby, has been killed or rendered unconscious by injuries inflicted maliciously or sustained accidentally."

■ The contract in question having specifically defined the act or acts which constitute robbery, we are necessarily confined to its provisions.

It is quite evident to us that the evidence adduced (which we later give, in substance) does not support the definition of robbery given under subsections 1, 2 and 4. There is no testimony showing any violence inflicted upon the custodian, or that he was put in fear of violence, or that he was killed or rendered unconscious by injuries inflicted upon him, either maliciously or accidentally.

If a recovery can be had, it must be bottomed on subsection 3 which defines the act covered by the contract as "an overt felonious act committed in the presence of custodian and of which he was actually cognizant" at the time of the commission of the offense.

■ We believe that this subsection would cover a forcible taking of property, within the assured's premises, by a robber who enters the premises and forcibly takes property without any act on the part of the robber that actually puts the custodian in fear of violence.

We do not believe that we are authorized to go further in our construction of the contract.

■ The testimony shows that a severe wind storm visited the City of Wichita Falls (in which City the premises involved are situated), on the evening in question, and the East display window of the premises was "blown out", and that a man in a business establishment across the street from appellee's premises telephoned one of appellee's employees about the damage done and such employee came to the store as quickly as possible, and that another employee, being notified of the trouble, came just a short while afterwards. That while these two employees were on the premises the west window was blown out, and that a large crowd had gathered in front of and about the premises. The testimony goes no further than that persons, in this crowd of by-standers, reached in the broken display window and grabbed unidentified articles, thus appropriating them to their own use.

No witness attempted to show that any person came into the store and grabbed 'or took any article from the premises.

As a further evidence that the policy of insurance only covers articles lost by robbery and not by theft, the policy specifically excludes "loss or damage; (1) occurring within a show window in the premises and occasioned by a person or persons breaking said window from outside the premises."

If the policy does not cover the taking from the show window by a person who stands outside and breaks the window for the purpose of reaching in and taking the property, how much more logical is it to say that it can not be said that the policy covers a loss occasioned by persons finding the window broken, who reach in and unlawfully take property therefrom?

We do not believe that the testimony tends to establish a loss against which the contract agrees to indemnify.

Having reached this conclusion, we pretermit a consideration of all other propositions and assignments of error as not being necessary to a proper determination of the matter involved.

The judgment of the trial court is reversed and judgment is here rendered for appellant.