REGAN, Judge.
Plaintiff, Ferdinand G. Petrie, conducting his business under the trade name of A-l Radio and Television Sales Service, instituted suit against the defendant, his insurer, Millers Mutual Fire Insurance Company of Texas, endeavoring to recover $1,155.05, representing the value of electronic equipment stolen from plaintiff’s unlocked truck when it was parked in the street, plus $100 attorney’s fees.
Defendant answered and denied liability, asserting that the policy of insurance stipulates that visible evidence of forced entry must be shown to warrant its payment of a burglary claim, as evidenced by the following language: “Burglary or theft with visible evidence of forceful entry, and holdup.”
The record reveals that on December 22, 1956, Harold Yuratich, plaintiff’s employee, parked his service truck in front of the Pontchartrain Motor Company building where he had been sent to repair a television set. After tracing the source of the trouble in the equipment, he returned to his truck to secure a tube needed to effect the repair thereof.
Yuratich then failed to lock the vehicle. Within a period of “less than 15 minutes” the serviceman installed the new tube, returned to his truck and discovered the theft of two tube caddies[1] valued at $837.15 and tools and equipment therein contained valued at $317.90. The burglar obviously entered the vehicle through its unlocked *229 door and left no physical evidence of his presence other than the theft of the equipment, which forms the subject matter of this litigation.
The only question posed for our consideration is whether the trial judge correctly interpreted the pertinent clause of the policy, i. e., insurance against loss resulting from “Burglary or theft with visible evidence of forceful entry, and holdup.”
Counsel for plaintiff, as we understand his contention, insists that the qualifying condition, “visible evidence of forceful entry”, is applicable only where the loss is occasioned by theft and has no application where the loss results from burglary. He further suggests that the definition of burglary, as set forth in Art. 62 of the Louisiana Criminal Code,[2] should be the criterion for fixing liability. This statute does not include forced entry as an element of the crime. In the alternative, plaintiff’s counsel contends that the phraseology of the contract, hereinabove referred to, is ambiguous in that it is uncertain whether the qualifying condition modifies both “burglary” and “theft” or “theft” alone.
Counsel for the defendant asserts that the syntax of the clause, coupled with a logical analysis of the drafter’s intent, lends only one interpretation thereof, that is, recovery for loss by reason of burglary or theft may occur only when there is evidence that forcible entry was made to the looted vehicle.
We are of the opinion that the dispute concerning the interpretation of the phrase at issue was correctly resolved by the trial judge, that is, that both burglary and theft must be accompanied by evidence of forced entry to warrant recovery.
Further, the reason for incorporating such a limitation to liability in cases of burglary was enunciated by us in Kline v. Ocean Accident & Guarantee Corp., Ltd.,[3] wherein we said: “It is clearly the purpose of this clause (requiring evidence of forceful entry) in the policy to protect the company against the res ipsa loquitur view that burglary may be inferred from disappearance of the objects irrespective of any evidence whatsoever of forcible entry * *
In this case there is no evidence of forcible entry, which was conceded by the plaintiff, and therefore he has failed to prove his claim in conformity with the contract of insurance.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. A tube caddy is a valise containing two sets of compartments, in which electronic equipment and repair implements are carried.

. Art. 62, Louisiana Criminal Code (Act 43 of 1942) — “Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein * * LSA-R.S. 14:62.

. 1912, 9 Orleans App. 210.