250 So.2d 105 (1971)
Alvin P. LICHTENTAG
v.
The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS.
No. 4386.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
Rehearing Denied July 15, 1971.
Jesse S. Guillot, New Orleans, for appellant.
E. Kelleher Simon, of Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, for defendant-appellee.
*106 Before LEMMON, TAYLOR and STOULIG, JJ.
LEMMON, Judge.
The Millers Mutual Fire Insurance Company of Texas denied coverage in this suit on a loss under a Mercantile Robbery and Safe Burglary policy issued to Alvin P. Lichtentag. The trial court granted Millers' motion for summary judgment on the issue of policy coverage, and the insured appealed.
There is no genuine issue as to any of the material facts, all of which were contained in Lichtentag's deposition. His principal business was management of real estate rental property which he owned. In the policy "Business of the Insured Conducted on the Premises" is listed as "Residence with incidental real estate collection". The safe in question was located in the Lichtentag residence.
On April 6, 1968, at about 1:00 a. m. burglars forcefully entered the Lichtentag residence while the insured and his wife were asleep. The burglars awakened the couple at gunpoint, and then with a crowbar forced open the closet which contained the safe. With a gun at his head, Lichtentag was then required to open the outer door of his safe by dialing its combination under threat of death. After the outer door was opened by Lichtentag, a burglar forcefully broke the steel door of the inner chamber and removed money and other property valued in excess of $4,000.00, the limit of liability on the policy.
The sole question is whether coverage was provided by the policy under these facts. Pertinent policy provisions read as follows:
INSURING AGREEMENTS:
"Coverage C-Safe Burglary: To pay for loss of money, securities and other property from within the vault or safe by safe burglary or attempt thereat."
SPECIAL PROVISIONS, 2. Definitions:
"`Safe burglary' means (1) the felonious abstraction of insured property from within a vault or safe described in the declarations and located within the premises by a person making felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors, or (2) the felonious abstraction of such safe from within the premises." (Emphasis supplied)
In this particular case it is undisputed that the outer door of the safe was not entered by force or violence, and therefore, there were no visible marks made by force or violence upon the exterior of this door. Since the policy requires that all doors have visible marks of force and violence, the trial court held that the claim does not fall within the coverage afforded by this particular policy.
While this is a case of first impression in Louisiana, the judgment is in accord with decisions from other jurisdictions, particularly Hazuka v. Maryland Casualty Company, 183 Neb. 336, 160 N.W.2d 174 (1968), which construed similar provisions. See generally Couch, Cyclopedia of Insurance Law, 2nd Ed., Vol. 10, Chapter 42, §§ 124-148, pp. 759-775; and Appleman, Insurance Law and Practice, Vol. 5, Chapter 145, §§ 3176, 3177, pp. 516-535.
The cases which reach the contrary result turn on the theory that the substantive requirement of the policy is entry into the *107 safe by actual force and violence, and the requirement of visible marks on all doors of the safe is merely an evidentiary requirement to show that entry into the safe was by actual force and violence.[1]
We reject this distinction, since the policy in this case clearly defines the acts which constitute safe burglary under Coverage C. We interpret the provisions to require, for Coverage C to apply, (1) that the entry into the safe be made by actual force and violence and (2) that there be visible marks made by tools, explosives, electricity or chemicals upon the exterior of all doors of the safe.
The policy is one of limited liability and does not provide blanket coverage for felonious abstractions from safes under any and all types of circumstances. The policy must be examined and construed according to its declarations, conditions, provisions, and definitions.
Coverage ARobbery Inside the Premises and Coverage BRobbery Outside the Premises were also afforded by this policy, but were not purchased by the insured. Coverage A, which requires that a custodian (who can be the insured) be on duty at all times when the premises are open for business, insures against specifically defined acts which constitute robbery,[2] and each of these acts involve circumstances where the insured or another custodian is present.
Coverage B insures against loss of insured property by robbery outside the premises while being conveyed by a messenger. Again, the specifically defined acts constituting robbery contemplate circumstances where the insured or another custodian is present.
Just as Coverage A and B require specifically defined acts for coverage to apply, Coverage C clearly contemplates a situation where access to the inner chamber of a safe is gained only by violent and forceful use of tools, explosives, electricity or chemicals. Coverage C was not intended to apply when access to the safe was gained by manipulation of the combination by the insured or another custodian, even under threats of violence.
This case therefore does not present circumstances where an insurance company is taking advantage of a loop hole in a policy or is issuing a policy which purports to insure a risk which will ultimately not be covered by the facts of most safe burglaries. The available coverage for the loss which occurred simply was not purchased.
Finally, there is no ambiguity in this provision which would support a construction in favor of the insured, nor is the particular provision one which is prohibited by statute or void under public policy. In the absence of any of these special circumstances, the insurance contract is the law between the parties. LSA-C.C. art. 1901.
For the foregoing reasons, the judgment of the trial court is affirmed, plaintiff-appellant to bear all costs.
Affirmed.
NOTES
[1] See Ferguson v. Phoenix Assurance Co. of New York, 189 Kan. 459, 370 P.2d 379, 99 A.L.R.2d 118 (1962).
[2] In Commercial Casualty Ins. Co. v. City Jewelry Co., 137 S.W.2d 874 (Tex.Civ. App.1940), it was held that where a combination inside and messenger robbery policy (as is involved in Coverage A and B in this policy) specifically defines the act or acts which would constitute robbery, the court is confined to the provisions of the policy.