BOUTALL, Judge.
This is a suit by an insured under a homeowners policy against the insurer for loss of certain personal property from his unattended vehicle. The trial court rendered judgment in favor of plaintiff, together with penalties and attorney’s fees, and from this adverse judgment, the insurer appeals.
The undisputed facts show that Arthur C. Schmidt, plaintiff-appellee carried a standard form homeowners policy with The Travelers Indemnity Company, which was in effect at the time involved herein. The policy covered among other things, insurance against perils related to Schmidt’s dwelling, and additionally, certain perils related to unscheduled personal property. Schmidt was a traveling salesman, and on November 6, 1969, he parked his automobile on Tulane Avenue near the corner of LaSalle in order to make a business call. At this time his samples, etc., were locked in the luggage compartment of the vehicle. In the passenger compartment of the vehicle, he had his luggage, clothing, and certain other personal items. While he was engaged in making his business call, someone apparently removed from the vehicle the personal articles contained in the passenger compartment, exactly how is unknown. Schmidt claims to have lost property totaling $816.41 in value, and'the trial court awarded him judgment in the sum of $383.20.
There seems to be little doubt that either a theft or a burglary was committed, and the defense is mainly based upon the exclusions contained in the policy of insurance, although the extent and value of the loss is also urged. The Travelers contend that the vehicle was left unattended with one of the windows partially opened for ventilation purposes, and further that there are no visible marks of forced entry upon the exterior of the vehicle.
The policy contains the following exclusion :
“Exclusions applicable to property away from described premises: This policy does not apply as respects this peril to loss away from the premises of * * * (b) property while in or on an unattended automobile, * * *, unless the loss *634 is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment of which entry there are visible marks upon the exterior of said vehicle, * * * t>
It is of course axiomatic that the policy of insurance is a contract between the parties, and is thus controlling of the situation, unless it is contrary to law. In order to avoid the exclusion contained in the policy, it must show that there are visible marks of forcible entry and that all doors and windows were closed and locked. In this regard we refer to the case of Petrie v. Millers Mutual Fire Insurance Company of Texas, 115 So.2d 228 (La.App.1959), wherein the proof showed that the vehicle door was left unlocked. In that case we interpreted a similar policy provision to mean that the loss must be accompanied by evidence of forced entry to warrant recovery, otherwise, the insurer would be forced to pay claims which it did not bargain to cover.
Additionally, we refer to the case of Lichtentag v. Millers Mutual Fire Insurance Company of Texas, 250 So.2d 105 (La.App. 4th Cir., 1971). This case involved the interpretation of the provisions of an insurance policy relating to safe burglary, which required that all of the doors must be closed and locked, and that the entry shall be made by actual force and violence, of which there are visible marks, etc. upon all of the doors of the vault or safe. In this case the burglars forced open the closet which contained the safe by use of a crowbar, and then at gun point required Mr. Lichtentag to open the outer door of the safe by dialing its combination under threat of death. After the outer door was opened by Mr. Lichtentag, the inner steel door of the inner chamber was forcibly broken open and the property removed. Although it may seem harsh, we applied the policy provisions, and since there were no visible marks upon the door of the safe made by tools, etc., we denied recovery.
Thus, in the case at bar, it is necessary that the proof show that the doors and windows of the vehicle were locked and closed and that there were visible marks of forced entry, in order to permit recovery.[1]
We believe a fair appraisal of the testimony offered to be as follows.
The plaintiff testified that when he discovered the articles missing from his vehicle he called the police, and that he and the policeman looked at the vehicle to determine whether any glasses were broken or cracked, and at that time he saw nothing, but later that day when he got home, he examined the car thoroughly and at that time found that there was marring and scratching at the top of the front window. His wife testified that she noticed the scratches when her husband called her attention to them. Schmidt specifically denied that he had left any of the windows of the vehicle open, and denied that he had told any of the insurer’s representatives that he had left the window partially open at the top for ventilation purposes.
The insurer produced two of its representatives who each testified that Schmidt told him (each on a separate occasion) that he had left the window glass open a short distance at the top for ventilation purposes. Additionally, one of the representatives examined Schmidt’s vehicle some eleven (11) days after the theft at night with a flashlight and found no visible marks on the windows.
• In addition to these witnesses, the investigating police officer testified that his report showed there were no visible signs of forced entering and that he found no marks of physical evidence at all. He further testified that what he meant by his report and by saying there was no physical evidence was that there had to be some sort of physical properties that can be readily seen and also that can be pictured *635 or reported as possibly happening at that time. He referred to such things as broken or cracked glass and doors sprung open or pried open. He testified that there could have been some markings on the window of this particular automobile and he would not have included it in his report. He was first qualified as an expert in the investigation of automobile burglaries and testified that the usual method of entering automobiles is by forcing a coathanger or similar instrument along the top of the window where the rubber weather-stripping is and that there would be only a small rubber mark which would be made depending upon the closeness of the rubber and the window glass.
As may be realized from the above presentation of evidence, the question becomes one of which witnesses to believe. The trial judge rendered judgment in favor of the plaintiff, and set forth no reasons for his decision. Thus, we cannot tell for certain whether his opinion is based upon an erroneous interpretation of the law relating to the exclusions in the insurance policy, or whether it was based upon the question of belief as to the existence of visible markings, or a combination of both.
We cannot presume that our learned brother below misinterpreted the law. The presumption is that he arrived at a proper interpretation of the law, and this is bolstered by the fact that both parties tendered well-considered briefs on the subject involved here. We conclude therefore, that the judgment was rendered on a question of belief of the witnesses, and as to this, the decision of the trial court cannot be set aside unless it is manifestly erroneous.
The testimony of the parties is in direct conflict, and the testimony of the investigating officer indicates that the marks found by plaintiff could have been present at the time of his examination. The trial court obviously believed the testimony of the plaintiff and rendered judgment in his favor. We cannot say that he is in error.
The trial court in its judgment granted not the total sum of $816.41, but the lesser sum of $383.20. Since he gives no reasons to aid us, we cannot determine how this particular figure was arrived at, except to presume that it was based upon elimination of certain items and lessening of the value of other items through depreciation, etc. Since the policy contained a deductible feature and Schmidt listed all items at cost without allowance for depreciation, we believe that the judgment is in the proper range and is not manifestly erroneous.
The judgment granted twelve (12%) percent penalty on this sum and attorney’s fees in the amount of $100.00. In this regard, we are of the opinion that this portion of the judgment is erroneous. LSA-R.S. 22:658 provides for the assessment of such penalties when the failure to pay has been found to be arbitrary, capricious, or without probable cause. Referring to the evidence again, we note that the scratch mark was at the top of one glass and was not obvious to one making an inspection, but was of a minimal nature. Schmidt himself did not see it on his first examination of the vehicle and the police report stated that there were no visible marks of entry. We cannot conclude that refusal to pay was arbitrary and without probable cause. Therefore we conclude that this portion of the judgment should be annulled and the judgment of the trial court amended to that extent.
Appellant to pay the costs of this appeal.
Amended and affirmed.

. There is a policy available at an additional premium which deletes this exclusion.