STOULIG, Judge.
Plaintiffs, Mr. and Mrs. Paul L. Juarez, have appealed a judgment dismissing their suit against their homeowners insurance carrier, General Accident Fire and Life Assurance Corp., Ltd., seeking reimbursement of a theft loss of personal property from their automobile.
The facts are not disputed. On December 31, 1972, at approximately 3 a. m., after parking their car in a well-lighted parking area of an apartment complex in Houston, Texas, plaintiffs went to inform their host of their arrival. Upon returning to their vehicle some ten minutes later, plaintiffs discovered three suitcases and a medium sized shoebag had been stolen from the luggage rack of their Corvette. There is no space in the interior of this vehicle for luggage storage; therefore, an exterior rack is affixed to the rear deck of the car.[1] At the time of the theft, the luggage was completely wrapped in a canvas canopy, and a one-fourth- to one-half-inch chain was passed through eyelets of this cover and attached to each side of the rack. The ends of the chain were connected with a key-lock. The luggage was further secured with a nylon line wrapped around it at various points. Both the chain and the line had been cut by the thief or thieves and the luggage removed. Admittedly there was no evidence or visible signs of a forcible entry into the Corvette.
The insurer’s policy defense, upheld by the trial judge, is based on this exclusion in the homeowners policy issued to the Juarezes:
“C. Theft Exclusions applicable to property away from the described premises :
“This policy does not apply to loss away from the described premises of:
* * ‡ * * *
(2) property while unattended in or on any motor vehicle or trailer, other than a public conveyance, unless the loss is the result of forcible entry into such vehicle while all doors, windows or other openings thereof are closed and locked, provided there are visible marks of forcible entry upon the exterior of such vehicle, but property shall not be considered unattended when the insured is required to surrender the keys of such vehicle to a bailee * * *(Emphasis added.)
This provision limits the liability under the policy by restricting coverage to loss resulting from forcible entry into the vehicle and removal of property from its interior. The trial court held this exclusion barred recovery because there was no forcible entry into the vehicle. We agree.
Appellants argue the phrase “property * * * in or on any motor vehicle or trailer, * * * [emphasis added]” can reasonably be interpreted to mean luggage stored on an exterior rack, thus we should resolve the ambiguity against the insurer by applying the rule of contractual interpretation set forth in C.C. art. 1958. See Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App.1st Cir. 1971).
This argument is meritless because the qualifying phrase beginning with “unless” leaves no doubt the locking and evidence of forcible entry requisites could only apply to thefts from the interior of a locked car or trailer.
Appellants cite decisions that hold theft loss is recoverable where there is evidence of forcible entry[2] and contends the cut ropes and chain satisfy this requirement. These cases do not apply because they are factually distinguishable in that the theft loss was from the interior of the vehicle.
*279 We therefore conclude, as did the trial judge, the policy defense has merit.
For the reasons assigned, the judgment appealed from is affirmed; appellants to bear all costs.

Affirmed.

LEMMON, J., concurs with written reasons.

. Plaintiffs’ Corvette has no luggage compartment (trunk) and the luggage rack was a factory installed accessory.

. Schmidt v. Travelers Insurance Company, 259 So.2d 632 (La.App.4th Cir. 1972) ; Petrie v. Millers Mutual Fire Ins. Co. of Texas, 115 So.2d 228 (La.App.Orl.1959).