399 So.2d 704 (1981)
T. W. THIBODEAUX, III
v.
SOUTHEASTERN FIRE INSURANCE COMPANY.
No. 14168.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*705 Joseph W. Cole, Jr., Cole & White, Port Allen, for the plaintiff-appellee.
Calvin E. Hardin, Jr., Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for the defendant-appellant.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Plaintiff, T. W. Thibodeaux, III, filed this civil action against defendant, Southeastern Fire Insurance Company, seeking insurance coverage, under a homeowner's policy issued by defendant, for theft of personal possessions from his automobile. After trial on the merits, the district court rendered judgment in favor of plaintiff. Defendant appealed.
The insurance policy issued by defendant provides the coverage sought herein only if 1) plaintiff was a resident of the household of the insured (his father) in Port Allen, Louisiana; and 2) there were visible marks of forcible entry upon the exterior of the vehicle. With these provisos in mind, we turn to a review of the facts as revealed by the record.
Plaintiff lived with his parents throughout his childhood and college career, either in a private room or sharing a room with his brother. Plaintiff's automobile title and voter registration list his father's house as plaintiff's residence.
Upon graduation from college, plaintiff was commissioned as an officer in the United States Air Force, with which he had agreed to a five year commitment. Plaintiff left his father's house on a Sunday for Mather Air Force Base in California, his first military assignment. He took with him some of his clothes and personal belongings, leaving the remainder in his room at his father's house.
Plaintiff traveled by automobile, spending each night in a different motel en route. On the Wednesday night following his departure, he stopped at a motel about 10:30 p. m. When he registered at the motel, he listed his father's house as his home.
Before retiring for the evening, plaintiff secured his automobile, making sure that the trunk and doors were locked and that the windows were completely closed. The next morning, he found the vehicle with the driver's door open, the window partially open, and the contents disturbed. Many personal possessions were missing.
The inside of the driver's door bore scratch marks. There was no damage to the exterior of the vehicle. However, the dust and road grime around the top of the driver's window had been disturbed, where the window's top edge fits into a rubber gasket.
Mather Air Force Base was only a temporary assignment. Plaintiff's next military assignment was to Castle Air Force Base, for only three months. Thereafter, plaintiff stated, he would be assigned to Eielson *706 Air Force Base in Fairbanks, Alaska, for an undetermined length of time.
Plaintiff listed his father's house as his own home on all of his service records. He maintains a savings account in Port Allen and is still registered to vote there. Since joining the military, plaintiff has on occasion returned to Port Allen while on leave for several weeks.
Defendant assigns four specifications of error on appeal. First, it contends that the trial court erred in allowing a police officer to testify regarding a method to gain entry into a locked automobile without residual damage to the exterior of the vehicle. Defendant conceded that the officer was an expert on the subject, but objected to his testimony on the grounds that the officer had not investigated the particular theft at issue and that his testimony was irrelevant.
The officer's testimony related to the use of a "lock jaw" device, which may be inserted between the top of an automobile window and the rubber gasket and then guided downward to the door lock, in order to trip the lock. Hence, this testimony offered a theory consistent with the physical evidence in the case and was relevant to explain one possible method by which the thief could have gained entry into plaintiff's locked vehicle.
An expert's opinion need not be based upon personal examination of the person or thing at issue. See e. g. Giroir v. Pann's of Houma, Inc., 341 So.2d 1346 (La.App. 1st Cir. 1976). In the instant case, the officer merely offered an explanation of how a locked car may be entered without residual damage to the vehicle. The weight to be accorded expert testimony is largely dependent upon the expert's qualifications and the facts upon which his opinion is based. Middle Tennessee Council, Inc., Boy Scouts of America v. Ford, 274 So.2d 173 (La.1973); Savoy v. Action Products Co., Inc., 347 So.2d 930 (La.App. 3rd Cir. 1977); Galloway v. Gaspard, 340 So.2d 579 (La.App. 1st Cir. 1976). See also Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La.App. 1st Cir. 1977). While the personal investigation of this particular theft might have resulted in more valuable testimony of the officer, the absence of such personal knowledge cannot be held to exclude his testimony. Hence, we find no error in the trial court's decision to admit the testimony of the officer.
Secondly, defendant contends that plaintiff was not a resident of his father's household, a prerequisite for the insurance coverage sought herein.
"Resident of the household of the insured" is a phrase which has been subjected to varying interpretations, depending upon whether the phrase is used to extend or exclude insurance coverage.
"In dealing with policies extending coverage to members of the named insured's household, the courts have adopted an extremely broad interpretation of the clause; but when dealing with policies which exclude such persons, courts give the same terms a more restricted interpretation. The apparent inconsistency is in reality no inconsistency; it is merely the application of the settled principle that ambiguity in an instrument is resolved against the draftsman. (Footnotes omitted.) Note, 26 La.L.Rev. 724 at 726 (1966).
In the instant case, the insurance policy extends coverage to residents of the insured's household. The trial court applied a broad interpretation of the phrase, finding that plaintiff was a resident of his father's household. This ruling is supported by prior jurisprudence. See e. g. Manuel v. American Employers Insurance Company, 228 So.2d 321 (La.App. 3rd Cir. 1969); Fidelity General Insurance Company v. Ripley, 228 So.2d 238 (La.App. 3rd Cir. 1969), writ denied, 255 La. 248, 230 So.2d 94 (1970). Moreover, this finding is one of fact. Branam v. Traders and General Insurance Company, 344 So.2d 1073 (La.App. 3rd Cir. 1977). It is amply supported by the facts on record as set forth above. The finding of the trial court that plaintiff was a resident of his father's household is not clearly wrong, and we find no manifest *707 error therein. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Thirdly, defendant contends that the trial court erred in finding that there had been a forcible entry into plaintiff's automobile. Such a finding is also one of fact and entitled to great weight on appeal.
The record reveals that the automobile was securely locked and the windows completely closed when plaintiff left it for the night. The next morning, the driver's door was open and the window partially open. The dust and road grime at the top of the window was disturbed. There were scratch marks on the interior of the door. (Although this fact may not be considered with regard to the requirement of visible marks of forcible entry upon the exterior of the vehicle, it may properly be considered with regard to a finding of forcible entry.)
The trial court indicated in its written reasons for judgment that it felt a coat hanger had been used to gain entry into the vehicle. This manner of entry requires the use of force. We cannot say that such a finding is clearly wrong. We find no manifest error. Arceneaux v. Domingue, supra; Canter v. Koehring Company, supra.
Lastly, defendant contends that the trial court erred in finding that there were visible marks of forcible entry upon the exterior of the automobile, another prerequisite for the insurance coverage sought herein. Several arguments are advanced in support of defendant's position.
First, it argues that plaintiff himself denied the existence of any such marks. However, a review of the cited portion of plaintiff's testimony reveals that plaintiff first responded that the road dust was disturbed. Only after defense counsel instructed plaintiff that such a disturbance was not a visible mark of forcible entry did plaintiff deny the existence of any such mark.
Secondly, defendant argues that plaintiff never testified as to when he observed the disturbance of the dust and road grime. It is true that plaintiff gave no specific time for his observation. However, the context of his testimony on the subject indicates that he observed this fact when he first discovered the theft. Moreover, the testimony as to the disturbance of the dust and road grime was adduced specifically in response to questions regarding any marks indicating the thief's entry of the automobile. Plaintiff's testimony was sufficiently clear to support a finding that the disturbance of the dust and road grime was not done by either plaintiff or the police, but was accomplished during the theft. This finding is not clearly wrong; we find no manifest error therein. Arceneaux v. Domingue, supra; Canter v. Koehring Company, supra.
Defendant also argues that the disturbance of dust and road grime is not sufficient to constitute visible marks of forcible entry. We disagree. Scratches at the top of an automobile window have been held sufficient visible marks of forcible entry to warrant a finding of insurance coverage in a similar case. Schmidt v. Travelers Insurance Company, 259 So.2d 632 (La.App. 4th Cir. 1972). Plaintiff's vehicle had a rubber gasket at the top of the driver's window. The disturbance of dust and road grime on a rubber gasket is equally as sufficient as scratches to constitute visible marks of forcible entry upon the exterior of a vehicle.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendant.
AFFIRMED.