MARVIN, Judge.
Plaintiff appeals a judgment rejecting her claim of loss by theft under her homeowner’s insurance policy for the value of items of personal property stolen from her car while it was parked overnight at a Texas motel. We reverse.
The insurer did not deny the theft, but claimed that because plaintiff had not shown visible means of forcible entry into the car, coverage is excluded by this policy provision:
This policy does not apply to loss away from the described premises of * * * (2) property while unattended in or on any motor vehicle ... unless the loss is the result of forcible entry into such vehicle while all doors, windows or other openings thereof are closed and locked, provided there are visible means of forcible entry upon the exterior of such vehicle ...
The trial court did not base its decision on the credibility of plaintiff and her witnesses, but simply ruled on the sufficiency of that testimony, saying:
“The question is whether or not this testimony is sufficient to establish the presence of visible marks of forcible entry ... One witness testified the molding [rubber gasket around the door window] was cut, one testified it was torn and the most experienced witness testified the molding was disfigured or pressed back. None testified that the marks were not there before the burglary and none testified that entry to the car could have been *932 gained in a manner related to the marks on the molding.”
Plaintiff testified that before retiring at the San Marcos, Texas, motel, she covered the personal items in the back seat of her car with several blankets, placed her pistol under the car seat, closed the windows and locked the doors of the car. She discovered the theft after she left San Marcos the next day when she attempted to find her pistol under the car seat. She then telephoned a Winnfield deputy sheriff to report the theft. He in turn reported it to the San Marcos police and to plaintiff’s Winnfield insurance agent.
The deputy examined the car in Winn-field about a week later and found some slight but visible damage to the molding or rubber gasket around the door window of the car. He said, “it appeared ... that it had been prized and pressed back ... jimmied in some form ... it didn’t appear as though a new car would look or the rubber would look had it not been tampered with.”
One of plaintiff’s friends noticed the damage and called it to plaintiff’s attention. She said, “the black strip on the driver’s side had torn places in it ... the little round rubber thing that goes right beside the glass ... was torn ...” and that there was “a chipped place on her paint.” Plaintiff testified that the “rubber was cut”.
The strong implication of the testimony is that the marks were not on the vehicle before the theft. That the slight damage to plaintiff’s relatively new car was not noticed until after the theft, strengthens the implication, in our opinion. Marks of forcible entry need only be visible on the exterior upon close examination and need not be noticeable at a glance. Scratch marks at the top of a window which were not readily apparent were sufficient to allow recover under a policy with a similar exclusion. Schmidt v. Travelers Ins. Co., 259 So.2d 632 (La.App. 4th Cir.1972). Disturbance of road dust and grime on the rubber gasket has been held to constitute visible marks of forcible entry. Thibodeaux v. Southeastern Fire Ins. Co., 399 So.2d 704 (La.App. 1st Cir.1981). Many vehicle owners have had to enter locked vehicles by forcing a coat hanger or similar instrument between the rubber gasket and the car window and have caused some slight damage to the gasket that is noticeable only upon close inspection and not apparent at a glance.
We must respectfully disagree with the eminent trial judge and find that the evidence presented is legally sufficient to allow recovery. Plaintiff proved that there were visible marks of forcible entry upon the exterior of the vehicle and that she had locked the doors and windows of the vehicle when she left it. This was proved by testimony, as the trial court summarized, that the gasket was cut, torn, and had the appearance of being jimmied or tampered with. Plaintiff is required to prove her case by a preponderance of the evidence and logical inferences drawn from that evidence. She has done so here. The logical inferénce drawn from the testimony is that the loss was the result of forcible entry. See quoted policy provision.
DAMAGES
Plaintiff showed that the following items were stolen: a Sony television, a .357 magnum pistol, a camera and carrying case, two pieces of luggage, an Angora sweater set, a black jacket, two pairs of slacks, two blouses, a skirt, a pair of shoes, a robe and gown set, and other lingerie. The insurance policy entitles plaintiff to recover the actual cash value of the property at the time of loss and not the cost of the items. The trial court did not reach the issue of the value of the items stolen. We remand to allow the trial court to determine the actual cash value of the items at the time of the theft.
In her initial telephone conversation with defendant’s adjuster, plaintiff answered in the negative when asked if there were any broken windows or exterior damage to her car. When testifying, plaintiff explained her answer, saying that she understood that the question referred to broken glass and that she did not understand the meaning of exterior. Under these circum *933 stances, penalties and attorney fees are not assessed under LRS 22:658.
The judgment appealed is reversed and this action is remanded to allow the trial court to determine the actual cash value of the items stolen from plaintiff’s car in the event that value cannot be otherwise resolved by the litigants.
REVERSED and remanded at appellee’s cost.