461 So.2d 609 (1984)
Edward DAIGRE (Sr.), Veola Nepdeaux Daigre wife of Edward Daigre (Sr.), Doris Gros Richoux, Appearing Individually and for the use and benefit of her minor child Leroy J. Richoux, Jr.
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (Formerly Highway Department), the Travelers Insurance Company Allstate Insurance Company Clinton Lee.
No. 83 CA 1392.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*610 Harry Burglass, Phyliss Coci, Metairie, for plaintiffs.
Samuel R. Cicero, Baton Rouge, for defendants.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
JOHN S. COVINGTON, Judge Pro Tempore:
This suit for wrongful death, instituted by the survivors of Leroy Richoux, Sr. and Edward A. Daigre, Jr., resulted in a judgment in favor of Doris Richoux, widow of Richoux, Sr., and Leroy Richoux, Jr., a minor and in favor of Veola Nepdeaux Daigre and Edward A. Daigre, Sr., parents of the minor Edward A. Daigre, Jr. Defendant Department of Transportation and Development (DOTD) suspensively appealed the September 1, 1983 judgment.
On October 14, 1979, a clear day, at about 10:30 a.m. Leroy Richoux, Sr., was driving on Louisiana Highway 450, in Washington Parish, headed in a southerly *611 direction. Mr. Richoux stopped at the "T" intersection of La. 450 and 440, the latter being the favored thoroughfare, in response to a stop sign. After looking both left and right on La. 440 he attempted to execute a left turn but he was struck broadside by a car being driven by Bennie Lee in a westerly direction on La. 440. The posted speed limit on La. 440 at that point was 55 m.p.h. The Lee vehicle struck the Richoux vehicle on the driver's side; the Richoux car was spun around by the impact and demolished. Leroy Richoux, Sr., 50 years old, and Edward A. Daigre, Jr., 15 years old, Doris Richoux, age not specified, and Leroy Richoux, Jr., 14 years old, were the only occupants of the Richoux car. The Lee vehicle was occupied by Bennie Lee and another person. The Daigre child, sitting on the back seat on the driver's side, died instantly on impact. Leroy Richoux, Sr. illustrated signs of life for at least twenty to thirty minutes after the collision and died enroute to the hospital in Franklinton. Doris Richoux, who was seated on the front passenger side, suffered contusions and hematomas of the breasts, lower chest and left shoulder. She was discharged by her physician on January 7, 1980. Young Richoux, who was seated on the back seat on the right side, sustained a fractured distal left clavical and contusions of the right knee. Both Doris Richoux and Leroy Richoux, Jr. completely recovered without physical complications from their injuries.
Named as defendants, along with DOTD, were Clinton "Bennie" Lee, his insurer, The Travelers Insurance Company, and Allstate Insurance Company, Leroy Richoux, Sr.'s insurer. Plaintiffs had settled their claims against all defendants except DOTD prior to trial, which was held on June 30, 1983.

ISSUES
The issues presented by this appeal are (1) whether the accident was caused by the negligence of DOTD and (2) whether the trial judge committed manifest error in his factual conclusions.

NEGLIGENCE OF DOTD
The Trial Judge heard live testimony from two civil engineers regarding the technical aspects of road design in general and the fatal intersection in particular. In addition, he heard the testimony of two Louisiana State Police Officers who investigated the accident, a resident of the area who was very knowledgeable about the area and worked at a store from which one can see the intersection, and all four plaintiffs.
The District Court correctly stated DOTD's duty to the motoring public to correct hazardous conditions within a reasonable time after it receives actual or constructive notice of their existence and that liability based on negligence attaches to DOTD's failure to correct if a motorist's injuries or death was caused by the hazardous condition. The judge relied on Naylor v. Louisiana Department of Public Highways, 423 So.2d 674 (1st Cir.1982) and Sinitier v. Lavergne, 391 So.2d 821 (La.1980) in correctly stating both the duty owed by DOTD and the consequences which flow from a breach of that duty.
On the basis of the evidence, both testimonial and documentary, adduced at the trial, the fact finder held that the cause of the accident was "a breach of duty the defendant (DOTD) owed to reasonably warn motorists of an existing dangerous intersection." (Reasons for Judgment, p. 4). We agree.

REVIEW OF TRIAL JUDGE'S FACTUAL CONCLUSIONS
DOTD disagrees with the judge's holding that there was not sufficient evidence to establish negligence by Lee, based upon its assertion that "Lee's speed was conservatively estimated by the Trooper at 65 mph" at a point on Highway 450 where the posted legal speed in 55 m.p.h., arguing that "the speeding by Lee was at least a contributory factor to the accident" and that his conclusions that "the sole cause of the accident was the highway design" and that *612 neither "driver was at fault" are "simple contrary to the evidence" and "there can be no question that Lee was negligent."
Concerning the role of appellate courts in the review of factual findings of triers of fact, be it trial judge or jury, this Court, in Naylor, supra, at 680, stated as follows:
"Defendants-appellants assert that the trial judge committed reversible error in factual findings significant to the outcome of the suit. Under Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); and Canter v. Koehring Company, 283 So.2d 716 (La.1973) an appellate court should not disturb a finding of fact unless it is manifestly erroneous or clearly wrong."
The court summarized the many exhibits offered in evidence and the testimony of the witnesses and made his factual findings.
We have thoroughly reviewed the testimony and exhibits and based on that review we conclude that the findings of fact are supported by the record and for that reason are not clearly wrong.

ADVERSE INFERENCE
Plaintiff-appellees support the court's findings that neither the driver of the Lee vehicle nor the driver of the Richoux were negligent and assert the applicability of the adverse inference rule because DOTD did not call as a witness Clinton Lee, whom DOTD subpoenaed and was present the day of trial. DOTD's counsel, at the conclusion of DOTD's case, stated in response to the judge's question "why we haven't had Bennie Lee here to maybe tell us what happened out there that day?" that "I can tell you why. He was here. I subpoenaed him and I turned him loose, but I don't want to tell you on the record." (Tr. 208).
The judge agreed with plaintiff's expert in traffic engineering that the intersectional collision would have happened even if the Lee vehicle had been traveling at the legal speed limit of 55 m.p.h. because it would have taken 2.8 seconds for the Lee vehicle to travel the 230 feet distance from the Highway 450 intersection, when the oncoming vehicle would have reappeared to Mr. Richoux after having been out of sight for 6.4 seconds because of the faulty line of sight and because it would have taken three seconds for the Richoux vehicle at the stop sign to normally accelerate across the center line to make a safe left turn. The court also accepted the expert's opinion, as he was entitled to (Thibodeaux v. Southeastern Fire Insurance Co., 399 So.2d 704, 706 [La.App. 1st Cir.1981]), that the maximum safe speed limit in the area of the intersection is 40 m.p.h. A vehicle stopped at Highway 450's intersection with Highway 440 would have adequate time to negotiate a safe left turn if the driver sees a vehicle approaching at 40 m.p.h. from the left on Highway 440 some 230 feet from the intersection. If the Lee vehicle had been traveling toward the intersection at 50 m.p.h. the Richoux vehicle would have had 3.14 seconds to safely make a left turn if Mr. Richoux had seen the Lee vehicle 230 feet from the intersection. (Tr. 228). The speed of the Lee vehicle, in order to establish Richoux as contributorily negligent, would have had to be no more than 50 m.p.h.
Only one person, namely Clinton Lee, was probably able to state for certain the speed he was traveling. DOTD subpoenaed him and he was present to testify but did not because DOTD's counsel "turned him loose" without explaining why he did it. Under these circumstances we apply the adverse inference rule against DOTD. Liner v. Patrick, 421 So.2d 391 (La.App. 1st Cir.1982); Vidrine v. Sentry Indemnity Co., 341 So.2d 558 (La.App. 3rd Cir.1976).
Costs, in the amount of $1,202.22 are assessed against the appellant, DOTD. R.S. 13:5112(A).
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.